## No. 2478.

### S. T. FONTAINE *v.* THE STATE.

1. QUO WARRANTO.—The act of July 9, 1879 (Special Laws, p. 43), provides with reference to appeals in proceedings by *quo warranto*, that "All such appeals should be presented to the term of the court in session at either branch of the first term to be held, if not in session, after judgment has been rendered in the district court," *held* that if an appeal from a judgment rendered in a proceeding by *quo warranto*, is not presented to the next term of the Supreme Court, no matter at which of three places for holding court that may be, the appeal, when presented to some other term, must be dismissed for want of jurisdiction. The provision of the act which declares that the remedy and mode of procedure in such cases shall be construed as cumulative, does no affect the question.

APPEAL from Galveston.    Tried below before the Hon. W. H. Stewart.

*Jas. B. Stubbs,* for appellant.

*E. D. Cavin,* for appellee.

WILLIE, CHIEF JUSTICE. This was an information in the nature of a quo warranto, filed by the county attorney of Galveston county, in the court below, its object being to oust the appellant from the office of recorder of the city of Galveston, the duties and privileges of which he was alleged to be exercis‐ ing in violation of law.

A trial was had, and, on the thirtieth day of July, 1887, a judgment was rendered in the court below ousting the appellant from said office and restraining him from further discharging the duties of the same. From this judgment the appellant gave notice of appeal to this court, and, on the fifteenth of August, 1887, perfected his appeal by giving the proper bond. The transcript was applied for and received by the appellant's attor‐ ney, and was, for the first time, filed in this court on the third day of January, 1888, and at its Galveston branch. The State now moves to dismiss the appeal, because it was returnable at the Tyler branch, at the term begun and held there on the first Monday in October, 1887, and not to the term now in session at this place.

The act of July 9, 1879, Special Laws, page 43, provides the cases in which an information in the nature of a quo warranto may be prosecuted, the person by whom the suit is to be insti‐ tuted, and the manner in which the proceedings are to be con‐ ducted in the district court. It also provides for an appeal to this court, and upon this subject uses the following language: "All such appeals shall be prosecuted to the term of the court, in session, at either branch, or the first term to be held, if not in session, after judgment has been rendered in the district court." There is no mistaking this language. It positively re‐ quires that, if judgment be rendered during a vacation of the Supreme Court, the appeal *shall* be returned to the first term of that court to be held thereafter, no matter at which branch the court may sit. There is no discretion left to the appellant. If he does not comply with the law governing the appeal, he must suffer the consequences always attending a failure to bring up an appeal to the term of this court to which it is returnable. This court thereby loses jurisdiction of the cause, and must dismiss it from the docket.

The use of the term *shall,* in this connection, shows that it was the intention of the Legislature to make it the imperative duty of the appellant to prosecute the appeal to the first term of this court in session after the rendition of the judgment below; but

this intention is made still more apparent by the change of expression from what was used in the preceding section in reference to the return of citation in the district court. There it is said, if the information is filed in term time, the citation "*may* be made returnable on any day of the same term not less than five days after the date of the writ, as shall be directed by the court." Some discretion is allowed in that matter, but the change of expression from *may* to *shall*, when the subject of appeals to this court is being regulated, places it beyond doubt that the case must go to the first term in session after judgment rendered during a vacation of the Supreme Court, or the right of appeal be debarred altogether. There is nothing in the sixth section of the act that affects the question. It is there provided that the remedy and mode of procedure provided in the act shall be construed to be cumulative of any then existing. It is too clear for argument that this refers to the remedy and mode of procedure by quo warranto prescribed by the act; and that the Legislature intended that, when it was sought to oust an intruder from an office or franchise, or forfeit either of them, the party seeking to do this should not be confined to this remedy and the mode of procedure thereunder, but might pursue any other then allowed by our system of jurisprudence. But the remedy and the procedure go together. Where the remedy by quo warranto is pursued, it was not intended that either party should be free to adopt such portions of the procedure prescribed by the act as he chose, and reject the others; and especially that he might obey its positive mandates in so far as he pleased, and refuse to comply with the remainder at his discretion. The public has an interest in the speedy determination of causes involving the right to offices and other franchises, and the object of the statute was to give a remedy by which such right could be decided at the earliest possible day. To allow either party to bring about delay by his failure to comply with the positive requirements of the act, would be to defeat its object and leave without remedy the very evils it intended to prevent. The case having gone to judgment in July, 1887, was returnable to the Tyler term, 1887, and not to the term now in session at Galveston. The motion of the appellee is granted, and the appeal is therefore dismissed.

*Dismissed.*

Opinion delivered January 17, 1888.