MOTION No. 230.

JAMES LIVINGSTON v. THE STATE EX REL.

1. QUO WARRANTO — APPEAL — WRIT OF ERROR.— In a proceeding by quo warranto, instituted to determine the right to an office, the judgment of the district court becomes a finality when, with no excuse for delay, the party desiring its revision fails to prosecute an appeal to the term of the Supreme Court in session at either branch, or the first term to be held, if not in session, after judgment has been rendered in the district court.

WRIT of error from Starr.   Tried below before the Hon. J. C. Russell.

*Willie, Mott & Ballinger* and *R. B. Renfro,* for the motion.

STAYTON, CHIEF JUSTICE.   This is a motion to file transcript, made by defendant in error.   The writ of error is sued out by the respondent, in a proceeding by quo warranto instituted against him by the State, on motion of John P. Kelsey.   The object of the proceeding was to inquire by what right James Livingston assumed to exercise the powers belonging to the office of county judge of Starr county.   The proceeding terminated in the district court in a judgment declaring that Livingston was unlawfully holding or usurping the office of county judge.   That judgment was rendered on November 19, 1887, and from it the plaintiff in error perfected an appeal on December 15 following.

Under the law regulating such proceedings the appeal should have been returned to the Tyler term, then in session, or at least to the first of the present term at Galveston.   This was not done.   The appeal, however, was returned to this court on January 20, 1888, but on motion it was dismissed because not returned within the time prescribed by law.   Subsequently, the plaintiff in error filed petition and bond to obtain a writ of error.   Service of citation has been accepted and appearance here entered for the defendant in error, who moves for leave to file the transcript and for a disposition of the case on its merits, if this can be had on writ of error.

The statute regulating proceedings by quo warranto provides "that in cases of appeal to the Supreme Court, to which either party shall be entitled, the said court shall give preference to such case, and hear and determine the same at the earliest day practicable, and all such appeals shall be presented to the term of the court in session at either branch, or the first term to be held if not in session, after judgment has been rendered in the district court." (Gen. Laws of 1879, special session, p. 43.) The third section of the act evidences an intention on the part of the Legislature that this character of action shall be speedily disposed of in the district courts.

The fourth, a part of which we have quoted, only provides for an appeal, and requires this to be prosecuted with greater celerity than are other appeals. The reason for this is manifest, and the purpose to be accomplished through such proceeding could be entirely defeated, in some cases, by the delays which might be obtained through a writ of error, which may be sued out at any time within two years after the rendition of judgment. The Legislature having provided a mode and time within which such cases may be brought before this court for revision, we are of the opinion that it was not intended that they might be raised on writ of error.

The judgment of the district court became a finality when, without excuse for the delay, the plaintiff in error failed to prosecute his appeal within proper time.

The motion to file the transcript must therefore be refused, and it will be the duty of the officers charged with execution of the judgment of the district court to see that this is done.

*Motion refused.*