## H. S. WHITE v. J. O. ROWLETT.

### No. 814

**Quo Warranto—Time of Filing Transcript on Appeal.**

Article 1015, Revised Statutes of 1895, requires that the appellant shall file the: transcript on appeal with the clerk of the Court of Civil Appeals within ninety days from the perfecting of the appeal, and Rule No. 7, made by the Supreme Court for the Courts of Civil Appeals, requires that the transcript in appeals from judgments in proceedings in quo warranto shall be so filed within twenty days. Held, that the rule is valid, and not in conflict with the general statute, and that where the appellant, in a proceeding by quo warranto to contest an election, fails to file the transcript in the court above within twenty days, and shows no sufficient excuse for his failure to comply with the rule, the Court of Civil Appeals. is without jurisdiction to grant a writ of prohibition asked for by him to restrain the enforcement of the judgment below.

Original Petition for writ of prohibition.

*A. B. & W. M. Peticolas,* for applicant.

*J. D. Owen,* contra.

GARRETT, CHIEF JUSTICE.—Upon the 28th ult., H. L. White filed a petition in this court for a writ of prohibition against the Hon. T. S. Reese, judge of the twenty-third judicial district, and J. O. Rowlett, to prevent the enforcement by mandamus of a judgment of the District Court of Jackson County, ousting the petitioner from the office of county judge of said county and inducting therein the said J. O. Rowlett. An alternative writ was granted, and the respondents were required to show cause on the 5th inst. why it should not be made perpetual. Both respondents have answered, and it has been made to appear that at the general election held in Jackson County in 1894, the petitioner, White, and the respondent, Rowlett, were candidates for the office of county judge. White was declared elected by the Commissioners Court, and qualified and is exercising the duties of the office. Rowlett instituted proceedings by quo warranto on the information of the county attorney for the State against White for the office. The case was tried at the fall term, 1895, of the District Court of Jackson County, and resulted, on November 12, 1895, in a judgment in favor of the relator. White gave notice of appeal, and, on November 22, 1895, filed

an appeal bond for an amount double the amount of all probab.e costs, but in form a supersedeas bond. No transcript of the record has been filed in this court, and none has been tendered to the clerk to be filed. By a general provision of the Revised Statutes of 1895, the appellant, or plaintiff in error in the prosecution of an appeal or writ of error is required to file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfecting of the appeal or service of the writ of error. Article 1015. Ninety days have not elapsed since the filing of the appeal bond in the court below, but the suit, resulting in the judgment appealed from, was a proceeding by quo warranto, and, in effect, a contest of an election. The statute, title 93 of the Revised Statutes of 1895, authorizing the proceeding by quo warranto, clearly indicates that all appeals from judgments in such cases should be speedily prosecuted. Fontaine v. State, 69 Texas, 510. It has also been held that a writ of error will not lie, since an appeal only is allowed by the statute. Livingston v. State, 70 Texas, 393. The manifest requirement of the statute is that the proceeding must be brought to a speedy determination, and one availing himself of the proceeding by quo warranto must comply with the provisions of the law providing for a speedy disposition thereof. Article 1804i of Revised Statutes of 1895, in case of a contested election, requires the clerk of the court below without delay to make up the transcript and forward the same to the clerk of the Court of Civil Appeals for the district, and again evidences the policy and intent of the law to have all election contests speedily determined. To give practical effect to this requirement and a rule of procedure for appeal in such cases, the Supreme Court made Rule 7 for the Courts of Civil Appeals, as follows:

"Transcripts in appeals from judgments in quo warranto shall be filed in the Court of Civil Appeals within twenty days after appeal is perfected, and the first Tuesday following such twentieth day shall be the day for filing motions in such cases."

This rule does not conflict with the law making the general rule of procedure that transcripts shall be filed within ninety days, and is a valid rule. White has not only failed to file the transcript within twenty days, but he has not tendered it with any sort of excuse for his failure to file it as required by the rule, and does not make it appear that this court has jurisdiction of the case. The right to the writ should be made clearly to appear. It is not necessary to decide whether the judgment below could have been suspended by the appeal, because the petition, for the reason indicated, fails to show that the petitioner has a right to the writ prayed for. The petition will therefore be dismissed.

*Dismissed.*

Delivered February 6, 1896.