ORIENTAL OIL CO. v. STATE et al.

(Court of Civil Appeals of Texas. March 8, 1911.)

1. QUO WARRANTO (§ 62*)—MODE OF REVIEW —APPEAL.

Review of the judgment in quo warranto against a corporation, brought under Rev. St. 1895, art. 4343, authorizing that proceeding on surrender or forfeiture of corporate rights can be had only by appeal, and not by writ of error.

[Ed. Note.—For other cases, see Quo Warranto, Dec. Dig. § 62.*]

2. QUO WARRANTO (§ 60*)—STATUTES—JUDGMENT—RECEIVERSHIP.

Under Rev. St. 1895, art. 4343, providing that if corporation or members thereof act within the state as a corporation without being legally incorporated, or omit any acts which amount to a surrender or forfeiture of its rights and privileges as a corporation, a judgment of ouster may be rendered, the court could not properly render a judgment for the amount of franchise taxes due from the corporation, have a receiver appointed for the property of the corporation alleged to be defunct, and through such receivership sell the property and distribute the proceeds.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 71; Dec. Dig. § 60.*]

3. QUO WARRANTO (§ 62*) — CORPORATIONS— REVIEW.

The district attorney brought a petition for leave to bring quo warranto, under Rev. St.

1895, art. 4343, and under the authority of the other laws and statutes in force, praying for judgment of ouster from corporate franchises, dissolution, for judgment for unpaid franchise taxes and penalties, and for a receiver to wind up the corporation. Acts 30th Leg. c. 23, providing for a proceeding against a corporation whose charter has been forfeited by the Secretary of State for failure to pay its franchise tax, permits, under section 14, all the. relief sought by the suit brought, while in the proceeding under the Revised Statutes the unpaid franchise tax could not be collected. *Held*, that the proceeding would be held to be under the Act of 1907, and not under the Revised Statutes; and hence, as section 15 of the act of 1907 contemplates review of the judgment by writ of error, a motion to dismiss the writ to the judgment, because proceedings under the Revised Statutes were reviewable only by appeal, must be denied.

[Ed. Note.—For other cases, see Quo Warranto, Dec. Dig. § 62.*]

4. QUO WARRANTO (§ 62*) — DISSOLUTION—PROCEEDINGS—REVIEW.

Even if the proceeding be construed to be both under Rev. St. 1895, art. 4343, and under Acts 30th Leg. c. 23, the writ of error would stand as to everything in the judgment, except the naked item of ouster.

[Ed. Note.—For other cases, see Quo Warranto, Dec. Dig. § 62.*]

5. CORPORATIONS (§ 613*) — DISSOLUTION—PROCEEDINGS—WHO MAY BRING—STATUTES.

Under Rev. St. 1895, art. 4343, a proceeding to forfeit a charter of a corporation can only be instituted by the Attorney General of the state, and the attempt to confer such power upon the district or county attorney is in violation of Const. art. 4, § 22, providing that the Attorney General shall represent the state in all suits and pleas in the Supreme Court, and shall specially inquire into the charter rights of all private corporations, and take action for the collection of taxes, etc.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2431–2444; Dec. Dig. § 613.*]

6. CORPORATIONS (§ 613*) — DISSOLUTION—PROCEEDINGS—WHO MAY BRING—STATUTES.

Under Acts 30th Leg. c. 23, §§ 9, 10, providing that failure of any corporation to pay the franchise tax shall be grounds for forfeiture of its charter, and section 14 expressly giving authority to institute such proceedings for forfeiture and for the collection of franchise taxes to the Attorney General, such authority is exclusive, and a suit instituted by a county attorney is illegal.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2431–2444; Dec. Dig. § 613.*]

7. CORPORATIONS (§ 613*) — DISSOLUTION—PROCEEDINGS—VARIANCE.

In a proceeding against a corporation to forfeit its charter and for taxes due the state, where the corporation was sued under the name of the Oriental Oil Company of Beaumont, the words "of Beaumont" were not intended as a part of the corporate name, and there was no variance by reason of adding such words.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2431–2444; Dec. Dig. § 613.*]

Error from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Quo warranto by the State to oust the Oriental Oil Company of its charter and recover a franchise tax. From a judgment for the State, defendant brings error. Reversed and dismissed.

M. S. Duffie, for plaintiff in error.

REESE, J. This is a proceeding instituted by the state of Texas, upon the relation of the county attorney of Jefferson county, against the Oriental Oil Company, a corporation organized under the general laws of Texas. In order to understand fully the nature of the proceedings, so much of the petition as is necessary for that purpose is here given:

"That under the laws of the state of Texas the said defendant was, on the 1st day of May, 1902, required to pay to the state of Texas $30 as its annual franchise tax for permission to do business in said state during said year ensuing, but said defendant wholly failed and omitted to pay said franchise tax upon said date, and has since continuously failed and omitted to pay same, together with the sum of $150 due as franchise taxes since said day. That upon the 12th day of May, A. D. 1902, on account of its failure and omission to pay said tax, the said defendant forfeited its right to do business in the state of Texas, and said forfeiture was so entered by the Secretary of State of the state of Texas in the manner required by. law upon said last-named date. That by its failure and omission to pay said franchise tax the said defendant surrendered or forfeited its rights and privileges as a corporation.

"The relator would further show unto the court that said defendant corporation has held no annual stockholders' meetings as required by article 655 of the Revised .Civil Statutes of Texas of 1895 during the past two years; that said corporation no longer maintains its principal office or any other office in Jefferson county, Texas, and petitioner is advised has no office in the state of Texas; that said corporation is defunct, has ceased to do any business, and is no longer able to carry on the business for which it was organized; that said corporation defendant is indebted to the state of Texas in the sum of $180 as aforesaid for its franchise tax for the years 1902–08, together with the penalties thereon provided by law, amounting to ...... dollars; that said defendant corporation owns the following described real estate situated in the state of Texas, viz., 28 acres of land in the A. Williams survey in Jefferson county, Tex., fully described in a deed to said company recorded in volume 56, on page 234, of the Deed Records of said county.

"Wherefore relator, C. W..Howth, county attorney of Jefferson county, Tex., petitions this court for leave to file this information . in the nature of a quo warranto in the name of the state of Texas, under and by virtue of the authority conferred by article 4343 of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the Revised Civil Statutes of Texas, and under the authority· of the other laws and statutes in force in the state of Texas, and prays for citation as required by law directed to said defendant. And 'upon final, hearing relator and the state of Texas pray for a judgment of ouster against said defendant corporation from all its franchises as a corporate body, for a judgment dissolving said defendant corporation, and restraining it, its officers, agents, and stockholders, from exercising any of the rights or privileges as a corporate body, for judgment against said defendant in favor of the state of Texas for the sum of $180 due as set out above for franchise tax and penalties, and for the appointment of a receiver by this honorable court to take charge of its property, wind up all its affairs, and distribute its assets among its creditors and stockholders as they may be entitled thereto, and for such other further and general relief as relator and the state of Texas may be entitled to."

Upon presentation of the petition to the district judge an order was made, ordering it to be filed and process to issue. Citation was accordingly issued and duly served upon the defendant by delivery to its secretary. The defendant failing to appear or file answer, judgment by default was rendered, the material portion of which is as follows: "On this, the 30th day of October, A. D. 1908, being the day set therefor, came on to be heard the above-styled and numbered cause, and came the state of Texas, plaintiff, by its county attorney of Jefferson county, C. W. Howth, but the defendant, though duly cited as required by law, came not, but wholly made default; wherefore it is considered by the court that the plaintiff is entitled to the relief prayed for; and the court having heard the information or petition in this cause, and the evidence and argument of counsel, it is hereby considered, adjudged, and decreed by the court that the defendant, Oriental Oil Company, is guilty, as charged in said information, of failing to pay its franchise tax as required by law, as alleged in said information, and it is therefore considered, adjudged, and decreed by the court that' the said defendant Oriental Oil Company be, and it is hereby, ousted from all its franchises as a corporation under the laws of the state of Texas, and the said corporation defendant is hereby adjudged and decreed to be dissolved as a corporation."

Order was further made, appointing a receiver for the property of the defendant company, with orders appropriate to that end. The receiver qualified as required and under order of the court sold a tract of 28 acres of ·land, the property of the oil company, which sale was reported to, and approved by, the court, and by order of the court the proceeds of the sale were appropriated to the payment of the amount of franchise taxes due the state, and the costs of the ·receivership, which absorbed the fund, and therefore the receiver was discharged. There was embraced in the order a judgment in favor of the state for $30 due as franchise tax.

From the judgment aforesaid the defendant has sued out a writ of error.

Defendant in error moves the court to dismiss the appeal on the ground that this is a proceeding in quo warranto, under the provisions of title 93, art. 4343, Rev. St., and that the judgment in such proceedings can only be revised by appeal, and not by writ of error. The authorities support this contention, if in fact the suit is properly a quo warranto proceeding, under the provisions of the statute referred to. Livingston v. State, 70 Tex. 393, 11 S. W. 115; White v. Rowlett, 12 Tex. Civ. App. 378, 34 S. W. 151; Kendall v. State, 51 S. W. 1102. The court could not properly, in a proceeding in quo warranto, under the statute referred to, render a judgment for the amount of franchise taxes due, have a receiver appointed for the property of the corporation alleged to be defunct, and through such receivership proceedings sell the property and distribute the proceeds. I. & G. N. Ry. Co. v. State, 75 Tex. 356, 12 S. W. 685. It is stated in the petition that the suit is brought "under and by virtue of the authority conferred by section 4343 of the Revised Civil Statutes of Texas, and under the authority of the other laws and statutes in force in the state of Texas."

The act of 1907 (chapter 23, p. 502, Acts First-Called Session 30th Leg.) specially provides for a proceeding against a corporation whose charter has been declared forfeited by the Secretary of State for failure to pay its franchise tax, for a judicial declaration of forfeiture of its charter, to collect the franchise taxes due and to have a receiver appointed. This proceeding is such as is expressly authorized by section 14 of the act in question, and inasmuch as this proceeding is alleged in the petition to be brought under the provisions of other laws of the state, as well as under article 4343, and is authorized for all the purposes to be accomplished by the provisions of section 14 of the act of 1907, and not so authorized by article 4343, we think it can only properly be held to be a suit under the act in question. If this be correct, appellee's motion to dismiss the writ of error must be overruled, for the reason that it is clearly contemplated by the provisions of section 15 of the act that writ of error will lie from the judgment. The motion to dismiss is therefore overruled. If we should be in error in this, the writ of error would have to stand, at least, as to everything in the judgment, except the naked declaration of ouster. I. & G. N. Ry. Co. v. State, 75 Tex. 356–372, 12 S. W. 685.

By the first and second assignments of error plaintiff in error presents the contention that the county attorney was not authorized

to institute this proceeding. By the allegations of the petition the suit appears to have been instituted by the county attorney on his own motion, and that the Attorney General of the state has no connection therewith in any way. It is well settled in this state that a proceeding to forfeit the charter of a corporation, as provided in article 4343, can only be instituted by the Attorney General of the state, and that the attempt to confer such powers upon the district or county attorney is in violation of article 4, § 22, of the Constitution. State v. I. & G. N. Ry. Co., 89 Tex. 562, 35 S. W. 1067; Brady v. Brooks, 99 Tex. 379, 89 S. W. 1052. So that, if the proceeding be held to be brought solely under the provisions of article 4343, it was unauthorized. The state would not be bound by a judgment in such unauthorized proceeding, and as the state is not bound the defendant would not be. But considering the suit to be one authorized to be instituted under the provisions of the act of 1907, which we think should be done, defendant in error is in no better case. It is provided by the latter part of section 9 and the second paragraph of section 10 of the act that failure of any corporation to pay the franchise tax in question shall constitute sufficient grounds for forfeiture of its charter by a judgment of a court of competent jurisdiction, and by section 14 authority to institute such suit for forfeiture and for the collection of the franchise taxes due the state is expressly committed to the Attorney General. That such authority is exclusive, and that the Legislature has the authority under the Constitution to make such provision, was held by the Supreme Court in Brady v. Brooks, 99 Tex. 367, 89 S. W. 1052, in an able and exhaustive opinion by Chief Justice Gaines. The decision in that is decisive of this, and we must hold that the suit was instituted without authority. We are inclined to think that the entire proceedings are void, but it is not necessary to so hold in the determination of this appeal.

The contention of plaintiff in error with regard to the alleged variance between the name of the corporation in the petition and in the citation is without merit. It is clear that the words "of Beaumont" in the proceedings in which the corporation is referred to as the Oriental Oil Company of Beaumont, was not intended, and could not be understood, as a part of the corporate name. The corporation is named in the petition as the "Oriental Oil Company," its officers are named, and the citation was served by delivery to one of these named officers. The assignments of error presenting this contention are overruled.

We conclude that the judgment and proceedings should be reversed, and the cause dismissed, and it is so ordered.

Reversed and dismissed.