STATE ex rel. CAVANAUGH et al. v. NELSON et al. (No. 726.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1914.)

1. QUO WARRANTO (§ 62*)—NATURE OF PROCEEDING—APPEAL—RIGHT TO APPEAL.

Though quo warranto to determine the validity of the incorporation of a municipality may be prosecuted by the Attorney General, district or county attorney of the proper county or district, either of his own volition or at the instance of a private relator, an appeal from an adverse judgment by such private relator in which the state did not join as a party was unsustainable.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 73; Dec. Dig. § 62.*]

2. QUO WARRANTO (§ 62*)—APPEAL—TRANSCRIPT—FILING—TIME.

Court of Civil Appeals rule 7 (142 S. W. x) provides that transcripts and appeals from judgments in quo warranto shall be filed in the Court of Civil Appeals within 20 days after the appeal is perfected. Held, that a compliance with such rule was jurisdictional, and that a failure to file the transcript within the time specified could not be excused for the mistake, inadvertence, or oversight of the attorneys for both sides and the district judge, all of whom believed that appellants, after perfecting the appeal, had until the convening of the next term of the Court of Civil Appeals, it not being then in session, in which to file the record, and appellants being for that reason granted 40 days in which to do so.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 73; Dec. Dig. § 62.*]

Appeal from District Court, Armstrong County; J. N. Browning, Judge.

Action by the State, on relation of Jerry Cavanaugh and others, against A. V. Nelson and others. From a judgment in favor of defendants, relators appeal. On motion to dismiss. Granted.

W. R. Gibson, of Claude, and John W. Veale, of Amarillo, for appellants. W. A. Wilson and J. S. Stallings, both of Claude, and Gustavus & Jackson, of Amarillo, for appellees.

HALL, J. This is a quo warranto proceeding to test the validity of the incorporation of the city of Claude. Appellees have filed a motion to dismiss the appeal upon two grounds: (1) Because the state of Texas 'is

not a party to the appeal; and (2) because neither the transcript nor statement of facts were filed in this court within the 20 days prescribed by rule 7 for the Courts, of Civil Appeals (142 S. W. x). The judgment of the court, overruling the motion for new trial, ends with the following language:

"To which order and judgment of the court the relators then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals, etc. It is further ordered that relators have 40 days in which to make up and file their statement of facts and bills of exception herein."

The state of Texas gave no notice of appeal, and we think the first ground in the motion is well taken. The appeal bond, filed by relators, recites that Jerry Cavanaugh, M. L. Smith, and H. S. Dye, as principals, acknowledge themselves bound to pay to the city of Claude, etc., but the state of Texas is not named in it as a party to the appeal.

[1] This being an action to determine the validity of the incorporation of a municipality, it is a quo warranto proceeding of a public nature.

"The right to file an information in the nature of a quo warranto belongs to the state, and the institution of the action is a matter within the discretion of the Attorney General, and the attorney or other authorized state officer must institute quo warranto proceedings for the redress of injuries to the public right." 32 Cyc. 1432.

"The nature of proceedings by quo warranto proceedings at common law was such that the sovereign was necessarily plaintiff, and the general rule still is that quo warranto proceedings must be carried on in the name of the state or the people." Id. 1440.

"The purpose of the quo warranto proceedings often determines who may apply for the writ. The general rule is that, where the remedy is sought for a public wrong, proceedings should be instituted by and upon the relation of the Attorney General." Id. 1443.

"In proceedings against a municipal corporation to test the validity of its organization or to arrest a usurpation of corporate powers, a private citizen cannot, as a general rule, file the information; but it has been held that, if the suit is in fact conducted by the proper officer, it is no objection that a private person is named as relator." Id. 1444.

By force of the statute in this state the Attorney General, district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, has the right to ask leave to file an information and to present the petition in a case of this character, but the proceedings is nevertheless one which must be conducted in the name of the state of Texas, and in which the attorneys representing the state have the right to control the litigation. Matthews v. State, 82 Tex. 577, 18 S. W. 711.

32 Cyc. p. 1466, announces the rule that, if the action be to dissolve a corporation, a private relator cannot appeal from a judgment in favor of the corporation, citing State v. Douglas County Road Co., 10 Or. 198.

In Churchill et al. v. Walker et al., 68 Ga.

681, which was an action to try the title to an office, Speer, Justice, said:

"As to the motion to dismiss this writ of error because the state is not a party to the same, we have to say that we think, as the information is filed by the solicitor general as the officer of the state in the Eastern judicial circuit, and for the state, and could be filed in no other name but that of the state, we cannot say that the state was not a necessary party here. It is not a party, because its officer does not sign the bill of exceptions for the state, nor do other counsel as representatives of the state."

However, Judge Speer proceeded to dispose of the case on its merits. In our opinion this cannot be done in the instant case, since the state is a necessary party to the appeal, and the matter is jurisdictional. .

[2] With reference to the second ground, we think that is also jurisdictional. In C. B. Livestock Co. v. Parrish, 127 S. W. 854, Speer, Justice, quoting laws of 1907, c. 107, § 2, as amended by General Laws of 1909 (1st Ex. Sess.) c. 34, § 2 (which provides that any party to a suit, wherein a temporary injunction may be granted, refused, or dissolved, may appeal from the order, provided the transcript in such case shall be filed with the clerk of the Court of Appeals not later than 15 days after entry of such order), held that, on account of the particular language of the statute, the time of filing the transcript in such cases was jurisdictional, and the failure to so file it could be waived by the parties, so as to give the appellate court jurisdiction.

In White v. Rowlett, 12 Tex. Civ. App. 378, 34 S. W. 151, Garrett, Justice, dismissed an appeal in a quo warranto proceedings, basing his ruling upon Court of Appeals rule No. 7, which provides that transcripts in appeals from judgments in proceedings in quo warranto shall be filed in the Court of Civil Appeals within 20 days after appeal is perfected.

Judge Speer in the Livestock Co. v. Parrish Case said:

"Ordinarily an appeal is perfected, and the jurisdiction of this court attaches on the filing of the appeal bond, and that may be and doubtless is true under our present statute, in cases of appeal from interlocutory orders in injunction cases. It is further ordinarily true that the failure to file a transcript within the statutory time is not jurisdictional, but may be waived. The reason for this is that the Legislature evidently so intended, as witness the language of article 1015, Sayles' Annotated Civil Statutes 1897 (R. S. 1911, art. 1608): 'The appellant or plaintiff in error shall file a transcript with the clerk of the Court of Civil Appeals within ninety days from the perfecting of the appeal or service of the writ of error: Provided, that for good cause the court may permit the transcript to be filed thereafter upon such terms as it may prescribe.' Prior to the act of 1907, appeals were not allowed from interlocutory orders in injunction cases. By that act, as amended, * * * it is provided: 'Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved under any of the provisions of this title in term time or in vacation, may appeal from the order of judgment granting, refusing or dissolving such injunction to the Court of

Civil Appeals having jurisdiction of the case, but such appeal shall not have the effect to suspend the enforcement of the order appealed from, unless it shall be so ordered by the court or judge who enters the order: Provided, the transcript in such cases shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of the record of such order or judgment granting, refusing or dissolving such injunction.' * * * In view of the emphatic language above quoted as to the time of filing the transcript and the evident purpose of the Legislature that such appeal should in no event be long delayed, we think it quite clear that we have no discretion to permit the filing of the transcript after the time provided by law has elapsed. If we could for good cause extend the time one week, we might do so for any number of weeks, and thus not only delay the hearing of such appeal, but probably do so beyond the time when the case proper would be heard on its merits in the trial court, whereas the appeal, to be of any value to either party, should be determined before the case is reached for trial below. While this consideration, of course, is in no manner jurisdictional within itself, it at least affords a reason, if one were needed, why the Legislature provided that the transcript on appeal from an interlocutory order should not be filed in this court after 15 days from the date of the order appealed from."

As explaining the action of the Supreme Court in limiting the time of the transcript in quo warranto proceedings in this court to 20 days, this language of article 6401, Vernon's Sayles' Civil Statutes, is pertinent:

"* * * And in cases of appeal to which either party may be entitled the said court shall give preference to such cases and hear and determine the same at the earliest day practicable; and all such appeals shall be prosecuted to the term of the court in session or the first term to be held, if not in session after judgment has been rendered in the district court."

Article 1638 provides that the petition for quo warranto may be presented in the first instance to the district court of the proper county in vacation for leave to file the information.

Before the promulgation of rule 7 for the Courts of Civil Appeals, the Supreme Court, passing upon the statute with reference to quo warranto proceedings, said it was the intention of the Legislature that this character of action should be speedily disposed of, and held appellants to strict compliance with the requirements of such statute. I. & G. N. Ry. Co. v. State, 75 Tex. 356, 12 S. W. 685; Livingston v. State, 70 Tex. 393, 11 S. W. 115. As an excuse for not filing the record in this court within the required time, appellant's counsel state, in their reply to the motion to dismiss, that, at the time notice of appeal was given in the trial court, the matter of the time of filing the record in this court was discussed by the court and counsel, and it was determined that a proper construction of the statute governing such matter was that said appeal was perfected by giving notice of appeal, and that appellants had until the convening of the Court of Civil Appeals (it not being then in session) to file their record, which was 44 days from the

date of said notice, and that an order was accordingly entered granting appellants 40 days in which to file the record in this court; that within a day or two one of appellant's attorneys visited the office of the district clerk for the purpose of ordering the transcript, and was informed by said clerk that he could not make up or deliver the transcript until an appeal bond had been executed and filed by the relators, and that he had been so advised and instructed by the district judge; that in view of the instructions of the district judge, they were misled into believing that they had 20 days from the adjournment of said court in which to file said bond, and that they had 20 days from date of the filing of the bond in which to file the record. It is further stated in the reply to the motion to dismiss that rule 7 was not complied with purely because of an oversight by all parties concerned in the discussion. In our opinion, no sufficient excuse is shown for failure of appellant to file the record in this court. The fact that the attorneys for both sides, and even the district judge, had overlooked the provisions of rule 7, and that appellants were misled by the district judge, could not be held as grounds for overruling this motion. Mistake, inadvertence, and oversight are rarely ever held as sufficient ground for granting relief under such circumstances. Parker v. Britton, 133 Mo. App. 270, 113 S. W. 259; Drinkard v. Ingram, 21 Tex. 650, 73 Am. Dec. 250. The refusal of the clerk to prepare the transcript might have been remedied by a mandamus proceeding. In fact, the record discloses that no application was made for a transcript until September 10th, and no application was made to the official reporter for the statement of facts until September 15th, which was after the expiration of 20 days allowed by rule 7 for filing the record in this court. It would be a dangerous precedent to hold that the excuse presented here is a valid one.

The motion to dismiss is sustained. Dismissed.