**BARTLETT et al. v. STATE ex rel. DUMONT REALTY CO. (No. 592.)**

(Court of Civil Appeals of Texas. Beaumont. May 26, 1920. Rehearing Denied June 23, 1920.)

1. **Quo warranto** &#x25C9;&#x27FF;62—**Appeals must be prosecuted to term of appellate court in session.**

Under Rev. St. 1911, art. 6401, appeals in quo warranto must be prosecuted to the term of the appellate court in session at the time judgment was rendered in the district court, and respondents, having abandoned their appeal, cannot have the case reviewed on writ of error.

2. **Quo warranto** &#x25C9;&#x27FF;62 — **Respondents should have appealed during term in session when judgment rendered.**

Under Rev. St. 1911, art. 6401, and rule 7 for the Courts of Civil Appeals (142 S. W. x), to give a Court of Civil Appeals jurisdiction of appeal from judgment in a quo warranto proceeding respondents should have filed their appeal in it not later than the first Monday in July, 1918, during the term of the court in session when the judgment was rendered in the trial court, and should have filed transcript on appeal within 20 days after perfecting appeal.

3. **Quo warranto** &#x25C9;&#x27FF;62—**Writ of error improperly prosecuted not saved by theory statute applies only to portion of judgment.**

Writ of error prosecuted by respondents in quo warranto proceedings, who failed to file their appeal in the Court of Civil Appeals during its term in session when judgment was rendered, and to file transcript on appeal within 20 days thereafter, cannot be saved on any ground that Rev. St. 1911, art. 6401, applies only to the portion of the judgment which is for ouster, where dismissal of the portion of the appeal for ouster disposes of all portions of the judgment directly affecting respondents.

4. **Quo warranto** &#x25C9;&#x27FF;62 — **Question raised by motion to dismiss writ of error jurisdictional.**

Where there is motion to dismiss writ of error prosecuted by respondents in a quo warranto proceeding on the ground that appeal was not perfected or transcript filed within time, under Rev. St. 1911, art. 6401, and rule 7 for the Courts of Civil Appeals (142 S. W. x), the question raised by the motion is jurisdictional, and leaves the court no discretion relative to dismissing writ.

5. **Appeal and error** &#x25C9;&#x27FF;187(3) — **Absence of necessary parties fundamental error which cannot be waived.**

The absence of necessary parties is a question of fundamental error, and cannot be waived.

Error from District Court, Harris County; A. R. Hamblen, Special Judge.

Action in the nature of quo warranto by the State of Texas, on the relation of the Dumont Realty Company, against L. L. Bartlett and others. To review judgment for plaintiff, defendants bring error. Writ of error dismissed.

Bradley & Fogle, of Houston, for plaintiffs in error.

Hutcheson, Bryan & Dyess and E. T. Branch, all of Houston, for defendant in error.

WALKER, J. This was an action in the nature of quo quarranto instituted by the

state of Texas, upon relation of Dumont Realty Company, against L. L. Bartlett, H. C. Gatton, S. B. Glazener, and G. A. Dutton. It was alleged that Bartlett was acting as mayor, Gatton and Glazener as commissioners, and Dutton as tax collector of the city of South Houston, Harris county, Tex.; that a void effort had been made by the village of South Houston to accept the provisions of title 22, chapter 1, of the Revised Statutes of Texas, in lieu of title 22, chapter 14, under which the village of South Houston was incorporated in 1915; and that respondents, though holding under a pretended election, were without authority to act in any official capacity, and that all their pretended acts were null and void. It was further alleged that in acting for the city of South Houston they had issued interest-bearing warrants, which had been sold, and had passed ordinances levying taxes to pay such warrants. It was further alleged that there was no such municipal corporation as the city of South Houston, because the acts of the village of South Houston in attempting to accept the provisions of title 22, chapter 1, were null and void. The petition concluded with the following prayer:

"Wherefore, plaintiff prays the court that the defendants be cited to appear and answer this petition, and for judgment that the city of South Houston is not incorporated under either article 1070 of the Revised Statutes of 1911, as amended by the Acts of the Thirty-Third Legislature, nor under chapter 1 of title 22 of the Revised Statutes of 1911, or under any other law of the state of Texas, and that the defendants be adjudged to be not entitled to the several positions now held or claimed to be held by them, and the several acts of the defendants and their predecessors be adjusted (adjudged) to be null and void, and for such other and further relief, special and general, in law and in equity, to which the plaintiff may be justly entitled, and for costs of suit."

Judgment was entered declaring null and void the efforts of the village of South Houston to change the nature of its corporate existence, and declaring null and void the ordinances passed by the respondents, acting as a city commission of the city of South Houston, and declaring null and void the warrants and other obligations issued by them. As affecting the respondents, judgment was entered as follows:

"Defendant G. A. Dutton is without legal authority to collect any taxes assessed or levied under the void tax levies for year 1916 hereinbefore referred to, and is without authority to collect for the year 1917 more than 25 cents on the $100 valuation of property for current expenses, and the acts of the said Dutton in collecting such taxes, and in applying the same or any part thereof to the payment of interest on the aforesaid warrants in the sum of $15,-500, were null and void.

"L. L. Bartlett does not now and has not at any time legally held the position nor has he

legally exercised the powers of mayor of the city of South Houston, as attempted to be created as a town of 600 or more population.

"H. C. Gatton and S. B. Glazener are not now and have not at any time legally held the position of or legally exercised the powers of commissioners of the city of South Houston, as attempted to be created a city of 600 or more population.

"L. L. Bartlett as mayor, and H. C. Gatton and S. B. Glazener as commissioners, are now and have been since their election on April 4, 1916, de jure officers of the village of South Houston, as originally incorporated, with only the powers and rights of officers of a village incorporated under the provisions of chapter 15, title 22, Revised Statutes of 1911, and no other rights or powers.

"It is further ordered, adjudged, and decreed that the plaintiffs, the state of Texas, and the relator, Dumont Realty Company, do have and recover of and from the defendants L. L. Bartlett, H. C. Gatton, S. B. Glazener, and G. A. Dutton all costs in this behalf expended, for which let execution issue."

Judgment was entered in this cause in the trial court in January, 1918. Motion for new trial was overruled February 15, 1918. Respondents gave due notice of appeal. However, no appeal was perfected. On the 22d day of January, 1919, respondents filed petition for writ of error. Service was had on the 24th of January, and transcript was filed in the Court of Civil Appeals for the First Supreme Judicial District on the 21st of April, 1919. Afterwards this cause was duly transferred to this court. Defendants in error have moved to dismiss this writ of error because not filed in time.

[1] Under article 6401, appeals in quo warranto must be prosecuted to the term of the appellate court in session at the time judgment was rendered in the district court. Fontaine v. State, 69 Tex. 510, 6 S. W. 816; Livingston v. State, 70 Tex. 393, 11 S. W. 115; Kendall v. State, 51 S. W. 1102. Respondents did not do this, but, having abandoned their appeal, are seeking to have this case reviewed on writ of error. This is without warrant of law. Livingston v. State, supra.

Under rule 7 for the Courts of Civil Appeals (142 S. W. x):

"Transcripts of appeals from judgments in proceedings in quo warranto shall be filed in the Court of Civil Appeals within 20 days after appeal is perfected." State v. Nelson, 170 S. W. 814.

[2] In order to give this court jurisdiction of this case, respondents should have filed their appeal in the appellate court not later than the first Monday in July, 1918, and should have filed the transcript on appeal within 20 days after perfecting their appeal. As they failed to do this, we are forced to dismiss this writ of error.

[3] Respondents seek to avoid the force

of this article and the decisions cited by us on the ground that they apply only to that portion of the judgment which is for ouster, citing Oriental Oil Co. v. State, 135 S. W. 724; Cole v. State, 163 S. W. 354; 2 McQuillan on Municipal Corporations, § 809. These decisions cannot save this writ of error. If we dismiss that portion of the appeal which is for ouster, then we have disposed of all portions of the judgment directly affecting the respondents. Their rights are completely separable from the rights of the warrant holders, and their attempted appeal does not give us jurisdiction of the other portions of the judgment.

[4] The question raised by this motion to dismiss is jurisdictional, and we have no discretion in the matter.· State v. Nelson supra.

[5] Messrs. Harris, McCall & Graham, attorneys at law, have filed with us, since submission, an amicus curiæ brief, suggesting that the warrant holders were necessary parties to any proceeding affecting the warrants, and praying that this cause be reversed on fundamental error. Defendants in error have answered this brief, suggesting that the judgment of the trial court, in so far as it undertakes to affect parties not before it, is an absolute nullity. The absence of necessary parties is a question of fundamental error, and cannot be waived. Buie v. Cunningham, 29 S. W. 801; Channel Co. v. Bruly, 45 Tex. 6. But, as stated above, in our view of this case, we have nothing before us, and are without authority to do otherwise than to dismiss this writ of error. Inasmuch as it appears on the face of the judgment that necessary parties were absent in the trial court, and that the judgment, as affecting them, is null and void, and that their rights are separable from the rights of respondents, even if we are wrong in declining to take jurisdiction of this writ of error, under rule 62a for the Courts of Civil Appeals (149 S. W. x.), we would hesitate to reverse the case.

Writ of error in all things dismissed, on the error suggested by Messrs. Harris, McCall & Graham.