STATE ex rel CRAWFORD et al. v. WAGNER et al.

No. 11690.

Court of Civil Appeals of Texas. San Antonio.

March 26, 1947.

Rehearing Denied April 23, 1947.

Black & Stayton, of Austin, G. C. Jackson, of Crystal City, and R. J. Noonan, of Hondo, for appellants.

Ralph W. Yarborough, of Austin, David R. White, of Uvalde, and C. D. Jessup, of Houston, for appellees.

MURRAY, Justice.

This is an attempted appeal from a judgment of the District Court of Zavala County to this Court in a quo warranto proceeding. The suit was brought in the name of the State of Texas on the relation of R. S. Crawford and others against L. Wagner and others, constituting the Board of Trustees of the Southwest Texas Joint County Junior College District, an alleged junior college district.

The trial judge rendered a judgment on October 23, 1946, denying relators any relief. Relators then and there gave notice of appeal and perfected their appeal by filing an appeal bond on November 2, 1946. The transcript was filed in this Court on December 6, 1946, some thirty-three days after relators had perfected their appeal.

Appellees have filed a motion to dismiss the appeal because the transcript herein was not filed within twenty days after perfecting appeal as is required by Rule 384, T. R. C. P., which reads as follows: "Transcripts in appeal from judgments in proceedings in quo warranto shall be filed in the Court of Civil Appeals within twenty days after appeal is perfected."

If this rule is to be given jurisdictional and mandatory effect, then the motion to dismiss is well taken. The language used is mandatory in form and should be so construed unless there is reason for giving it some other effect. There is no stronger mandatory term than the word "shall".

There is no provision in this rule which would permit us to grant an extension of time for any reason upon motion filed within the twenty-day period or at any other time.

Rule 5, T. R. C. P., provides in part as follows: "But it (the appellate court) may not enlarge the period * * * for taking an appeal or writ of error from the trial court to any higher court * * * except as stated in the rules relating thereto."

This is mandatory language and means that the appellate court can not enlarge the period of time for taking an appeal in a quo warranto proceeding, except as stated in Rule 384. There being no provision in Rule 384 for the granting of an enlargement of the period for the taking of an appeal in a quo warranto proceeding, we do not have the power to grant such enlargement.

Rule 5, supra, was taken from Federal Rules of Civil Procedure, rule 6 (b), 28 U. S.C.A. following section 723c. The above construction of Rule 5 is in keeping with the construction placed upon Rule 6 (b) by the Federal Courts. In Leishman v. Associated Wholesale Electric Co., 9 Cir., 128 F.2d 204, 205, the Court said: "The order, however, did not extend the time for taking an appeal and could not have done so; for Rule 6 (b) expressly forbids any such extension."

See also Burke v. Canfield, 72 App.D.C. 127, 11 F.2d 526.

This construction of Rule 5, supra, is further demanded by the provisions of Rule 437, T. R. C. P., which states in part: "The court may make no enlargement of time prohibited by Rule 5."

Appellants contend that inasmuch as Rule 384 was taken from Old Rule 7 for Courts of Civil Appeals, it should be given the same construction as was given to Old Rule 7 before it was brought forward in New Rule 384. Undoubtedly this should be done unless there are compelling and cogent reasons for not doing so. We have concluded there exist compelling and cogent reasons for not giving to New Rule 384 the same meaning theretofore given to Old Rule 7.

Old Rule 7 was adopted by the Supreme Court of Texas October 8, 1892, 84 Tex. Rep. p. 798, 142 S.W. X. Prior to its adoption the Statutes of Texas, Gen.Laws 1879, Special Sess. p. 43, in speaking of proceedings by quo warranto stated: "In cases of appeal in the Supreme Court, to which either party shall be entitled, the said court shall give preference to such case, and hear and determine the same at the earliest day practicable; and all such appeals shall be prosecuted to the term of the court in session, at either branch, or the first term to be held, if not in session, after judgment has been rendered in the district court." This latter provision was held to be mandatory and jurisdictional and that failure to present such appeal to the term of the court then in session or to the first term to be held if the court was not then in session after rendition of judgment in the district court forfeited, or waived, the right of appeal. International & G. N. R. Co. v. State, 75 Tex. 356, 12 S.W. 685; Livingston v. State, 70 Tex. 393, 11 S.W. 115.

After the adoption of Old Rule 7 its terms were held to be mandatory and jurisdictional and that failure to file the transcript in the Court of Civil Appeals within twenty days after the date on which appeal was perfected was fatal to the right of appeal. State ex rel. Cavanaugh et al. v. Nelson et al., Tex.Civ.App., 170 S.W. 814, 816; Bartlett v. State, Tex.Civ.App., 222 S.W. 656.

In 1921 the Legislature adopted what thereafter became Article 6256, R.C.S. 1925, relating to quo warranto proceedings reading as follows: "Every person or corporation who shall be cited as hereinbefore provided shall be entitled to all the rights in the trial and investigation of the matters alleged against him, as in cases of trial of civil cases in this State. Either party may prosecute an appeal or writ of error from any judgment rendered, as in other civil cases and the appellate court shall give preference to such case, and hear and determine the same as early as practicable."

After the adoption of this statute the courts held there was a conflict between Old Rule 7 and the provision of the Stat-

798

ute and, in so far as there was a conflict, the statute would control, and thereafter Old Rule 7 was not regarded as jurisdictional. State v. Scranton Ind. County Line School District, Tex.Com.App., 285 S.W. 601; Orndorff v. State ex rel. McGill, Tex.Civ.App., 108 S.W.2d 206.

■■ It is true that there is obiter dictum in the opinion of the Commission of Appeals in the Scranton case to the effect that Rule 7 was never intended to be mandatory in its nature, this without any discussion of prior decisions holding otherwise, but we can disregard this obiter dictum, as the holdings of the Commission of Appeals were not approved by the Supreme Court. Hager v. Stakes, 116 Tex. 453, 294 S.W. 835; 11 Tex.Jur. 846. The Supreme Court refused an application for a writ of error in the Orndorff case, thereby approving the holding of the Court of Civil Appeals in that case, that the reason Old Rule 7 was not given a mandatory effect was because of the conflict with Art. 6256, supra. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561. A re-examination of the question is a matter for the Supreme Court. Humble Oil & Refining Co. v. State, Tex.Civ.App., 158 S.W.2d 336.

■ In 1939 the Legislature passed "An Act conferring and relinquishing to the Supreme Court full rule-making power in civil judicial proceedings, repealing all laws and parts of laws governing practice and procedure in civil actions." Gen.Laws, Reg.Sess., 46 Leg.1939, p. 201, Vernon's Ann.Civ.St. art. 1731a. As a result of this act Article 6256, R.C.S.1925, was repealed and its provisions brought forward as New Rule 781, T. R. C. P. A part of the provisions of Old Rule 7 was brought forward as New Rule 384, and thus we now have the duty of construing two court rules which have the effect of statutes, enacted at the same time and in pari materia. It will be presumed that they were actuated by the same policy and imbued with the same spirit, and in construing them they will be read together, each in the light of the others, as though they were embraced in one rule. Garrett v. Mercantile Nat. Bank at Dallas, 140 Tex. 394, 168 S.W.2d

636. When this is done, the composite meaning of the two rules, in so far as they relate to appeal, is that either party in a quo warranto proceeding is entitled to prosecute an appeal as in other civil cases, provided the transcript is filed in the Court of Civil Appeals within twenty days after perfecting the appeal, and that the appellate court shall give preference to such cases and hear and determine them as early as practicable. This gives full meaning to the language contained in each rule and eliminates all apparent conflict between the two articles. It also allows general language to yield to specific language. To give the meaning to Rule 781 contended for by appellants would render the language used in Rule 384 meaningless.

■ Appellants contend that when the provisions of Art. 6256 were brought forward in the rules without change the Legislature, or rule-making power, likewise adopted the construction which theretofore had been placed upon such language while a part of the statute. Martinez v. State, 134 Tex.Cr.R. 180, 114 S.W.2d 874; 39 Tex.Jur. p. 267. We readily admit this to be the general rule, but where there is impelling and cogent reasons for doing so the courts should not hesitate to place a new construction upon such new enactment. We think that here we have impelling and cogent reasons for placing a new construction upon Rule 781. In Orndorff v. State, Tex.Civ.App., 108 S.W.2d 206, the court had before it the construction of a prior court rule and a recent statute and correctly held that the statute should prevail. Here we have two court rules adopted at the same time by the same power and therefore to be regarded as being pari materia. If we give the former construction to Rule 781 that was given Art. 6256, then we render the language contained in Rule 384 meaningless. The construction we have here adopted gives full meaning to the language contained in both rules. It is also significant that the courts gave mandatory effect to the language contained in Rule 7 until it was superseded by a statute. State ex rel. Cavanaugh v. Nelson, supra; Bartlett v. State, Tex.Civ.App., 222 S.W. 656.

We now come to consider appellants' motion for an enlargement of time within which to file the transcript herein. Some mention is made of the fact that this motion was filed 102 days after appeal was perfected. When the record was tendered here some thirteen days late according to Rule 384, supra, if the Clerk had refused to file the record, no doubt a motion for enlargement of time would have been made at once. So it would not be unfair to treat this motion as having been made at the time the record was tendered to the Clerk of this Court.

█ As we interpret the Rules of Civil Procedure, Rule 437 provides that we can make no "enlargement of time prohibited by Rule 5," and Rule 5 provides that we "may not enlarge the period * * * for taking an appeal * * * from the trial court to any higher court * * * except as stated in the rules relating thereto." Rule 384 relates to the period for the taking of an appeal from the trial court to the Court of Civil Appeals in quo warranto proceedings, and does not contain any provision for an enlargement of such period upon motion timely made, or otherwise. We are, therefore, without power to grant appellants' motion.

▪█ Appellants freely admit the reason the transcript was not filed within the time provided by Rule 384 was that one of the attorneys for appellants read Rule 781 and concluded that they would have sixty days within which to file the transcript in this Court, as is provided for by Rule 386. This explanation does not constitute good cause for failure to file the transcript within twenty days, as provided in Rule 384. State ex rel. Cavanaugh v. Nelson, Tex. Civ.App., 170 S.W. 814, 816.

Appellees' motion to dismiss will be granted and the proceedings dismissed. Appellants' motion for an enlargement of time within which to file the record is overruled.

NORVELL, Justice (dissenting).

I am of the opinion that this appeal should be heard upon its merits and, consequently, dissent from the holding of the majority. The effect of the majority holding is to place a mandatory construction upon a rule which for over twenty years has been given a directory construction. The result is inimical to the right of appellate review. As the rule mentions the "transcript," it may on good authority be implied that the statement of facts is also within the rule. Garrett v. Mercantile Nat. Bank at Dallas, 140 Tex. 394, 168 S. W.2d 636, 637. The harshness of the rule under a mandatory construction is readily apparent. To my mind this severity of construction serves no useful purpose.

Fundamentally, the majority proceeds upon the theory that as Rule 384 is in some respects similar in wording to Rules 385 and 386, and these latter rules have been given a mandatory construction, Rule 384 must also be given a like construction. A mandatory or a jurisdictional rule, as applied to appeals in this Court, is one which prevents us from passing upon the merits of an appeal because of noncompliance with the rule. It is peremptory in that, in effect, it commands us not to interfere with the judgment of the trial court, regardless of the merits of the appeal. A directory rule, on the other hand, is one which allows this Court to refuse to consider an appeal upon the merits because of a noncompliance with the rule, if we be of the opinion that such noncompliance is substantial and if permitted would result in an evil or abuse which the rule was designed to prevent. However, if no resulting evil be apparent, this Court may consider the merits of an appeal notwithstanding a noncompliance with the rule.

It should be pointed out that neither Rule 385 nor Rule 386 explicitly states that in the event said rules are not complied with, the Court of Civil Appeals shall have no authority or jurisdiction to review the appeal upon its merits. This end result rests upon the judicial construction placed upon the rules. There is a substantial difference of provision between Rules 385 and 386, on one hand, and 384, on the other, in that the first two rules mentioned provide for the granting of extensions within which the record may be filed. Rule 384 contains no such provision. The majority emphasizes, to the practical exclusion of all else, the words "shall be

filed," contained in Rule 384 and the similarity of this wording with that contained in the admittedly mandatory Rules Nos. 385 and 386.

In determining whether a rule is mandatory or directory, literalism is not the sole and only test. The purpose of the rule and the effects of its application in directory form or in mandatory form are important considerations. In my opinion, Rule 384 must be construed as a directory rule under the rule of construction enjoined upon us by Rule 1, R. C. P.

In construing rules which have for their bases rules adopted by the Supreme Court prior to the passage of the Act conferring full rule-making power of the Supreme Court, Acts 1939, 46 Leg. p. 201, Article 1731a, Vernon's Ann.Civ.Stats., some complications are encountered when a rule taken from a statute is also involved.

Ordinarily, a rule taken from either a statute or an old rule is given the same construction as the superseded statute or rule, absent a change in wording. If, however, a certain construction was placed upon a rule solely by reason of the dominant position of a statute, the interpretation of the new rule adopted by the Supreme Court, in accordance with the Act of 1939, may not be the same as that given the superseded rule, because statutory domination no longer obtains. Denbow v. Standard Accident Ins. Co., 143 Tex. 455, 186 S.W.2d 236.

For over twenty years Old Rule 7, relating to the Courts of Civil Appeals, was construed as a directory rule and not as a jurisdictional rule. The reported cases disclose that the appellate courts stated a number of reasons why this construction was adopted.

In Orndorff v. State, Tex.Civ.App., 108 S.W.2d 206, the El Paso Court of Civil Appeals held that Rule 7 was directory. The reason or rationale for the rule stated was that Article 6256, Vernon's Ann.Civ. Stats., now Rule 781, governed appeals in quo warranto cases and controlled over the rule in case of conflicts. This case presupposes conflict between statute and rule.

In State v. Scranton Independent County Line School Dist., 285 S.W. 601, 602, the Commission of Appeals held that Rule 7 was directory. Two reasons for so holding are put forth, lack of authority (under the then existing law) of the Supreme Court to promulgate a mandatory or jurisdictional rule and a flat declaration that the Supreme Court by promulgating Rule 7 never *intended to adopt a mandatory rule.*

We quote from the opinion:

"The authority conferred upon the Supreme Court by this constitutional provision is limited to making and establishing rules of procedure, and does not include the making of any rule to restrict, enlarge, or otherwise modify, the jurisdiction of any court as that jurisdiction is prescribed by statute or constitutional provision. The Supreme Court has no authority, under the above-quoted section of the Constitution, to preclude any court from exercising its judicial functions in any matter in which its jurisdiction is properly invoked in accordance with statutory or constitutional requirements. *Nor was the rule in question intended to have that effect.*

"Rules of procedure are authorized by the above section of the Constitution for the government of courts and 'to expedite the dispatch of business therein,' but not to defeat justice. Therefore, if a court finds that sufficient excuse exists for the nonobservance of any rule of court by a party to a suit, and that a disregard of such rule will not result in legal injury to the opposing party, but will subserve the ends of justice, the court, in the exercise of a sound judicial discretion, may disregard the rule.

"The Court of Civil Appeals, having disregarded rule 7 and entertained the appeal in this case, and no abuse of discretion being shown, we refuse to disturb its action in that regard." (Italics mine.)

The same principle is operative in construing court rules with statutes (prior to the Act of 1939) as that employed in construing statutes with constitutional provisions. If reasonably possible, an interpretation will be given a statute which will render it constitutional and operative rather than unconstitutional and void. By applying this rule the courts may say that the statute has a certain meaning. How-

ever, the same meaning or construction of a statute may be arrived at, and very often is, by applying other and different rules of construction. A particular construction of a statute is not necessarily supported by one and only one reason. Therefore, it is my belief that we should abandon the construction given a superseded court rule carried over into the new rules with the same wording, only in those cases where the sole reason for such construction was the dominance of a statute.

If the intention of the Legislature is the law, Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692, it would seem to follow that the declared intention of the Supreme Court should control in so far as rules promulgated by it are concerned. As above pointed out, it was said in State v. Scranton Independent County Line School District, 285 S.W. 701, that the Supreme Court did not intend that Old Rule 7 should have effect as a mandatory or jurisdictional rule. It was also pointed out that the construction of the rule as nonjurisdictional or directory would "subserve the ends of justice." We, therefore, have a rationale or reason for the construction of the rule adopted which is not dependent upon the dominant position of a statute, and consequently such construction should be followed and applied to Rule 384.

I seriously doubt the validity of a suggested distinction between various types of opinions rendered by the Commission of Appeals. It seems to have been the general custom of the Supreme Court at the time the Scranton Independent School District case was decided to adopt the judgment recommended when said judgment finally disposed of the case. In case of remand for new trial, a notation was generally appended to the Supreme Court's memorandum to the effect that the holdings of the Commission were approved by the Supreme Court. In case of an opinion of the Commission answering certified questions which would control the judgment to be entered by a Court of Civil Appeals, the Supreme Court generally adopted the opinion. The reasons for the use of these various types of Supreme Court memoranda are fairly obvious, and I think

the safest course to pursue is to follow the Commission's opinion in the absence of Supreme Court authority.

Being also of the opinion that the Commission's decision was correct and that it was never intended that either Old Rule 7 or New Rule 384 should be given a mandatory or jurisdictional effect, I respectfully enter my dissent.