THE STATE EX REL. S. E. CLEMENT ET AL. V. THE PARIS
RAILWAY CO.

(Case No. 4287.)

1. COUNTY ATTORNEY — CORPORATIONS — ACTION.— The power given
county attorneys " to represent the state in all cases in the district
and inferior courts in their respective counties," does not authorize
a county attorney to institute suit in the name of the state on the
relation of private parties, against a corporation, to enjoin it from
exceeding its powers and thereby creating a public nuisance, except
the suit be brought with the sanction and in the name of the
attorney general.

2. PAROL EVIDENCE — AMBIGUITY — CITY ORDINANCE.— When there is
no ambiguity in the language of a city ordinance, parol evidence
will not be heard as to representations made prior to its passage, or
as to the actual intention or understanding of those by whom it
was passed, there being no question of fraud or mistake involved.

APPEAL from Lamar. Tried below before the Hon. R.
R. Gaines.

Suit filed by the county attorney in the name of The
State *ex rel.* of S. E. Clement and other persons against
the Paris Railway Co., to enjoin it from building its rail-
way along a street in the city of Paris, on the ground
that its construction would be without authority of law,
and that if built it would constitute a public nuisance.
An exhibit attached to the answer contained a copy of a
city ordinance of Paris, authorizing the company "to ex-
tend their track across the street and sidewalk on South
Main street, at a point east of, and opposite Martin &
Wise's cotton warehouse and yards." A map of the
grounds and the proposed extension was attached as an
exhibit, from which it would appear that the road was
being constructed as the line designated by the language
of the ordinance.

Plaintiff, by supplemental petition, claimed that this
ordinance did not grant the right of way at the point
where defendant had commenced building its road when
enjoined, but that the true point covered by the ordinance

and intended by the counsel when passing it, was about one hundred and fifty feet north of the point claimed by defendant; that the exact point where the right of way was wanted and was granted, was understood and determined upon by and between the defendant company and the city council at and before the time of the passage of this ordinance, and that the ordinance was ambiguous. The defendant excepted to plaintiff's supplemental petition setting up the ambiguity, for the reason "that the plaintiff cannot vary or contradict the written ordinance of the city of Paris granting to defendant the right of way, or attach exceptions, limitations or provisions thereto by parol evidence, or by affidavits in the absence of an allegation of either fraud, accident or mistake, and especially in this collateral way;" and "because the said ordinance granting the right of way is not ambiguous, and is a contract between the city of Paris and the defendant, and presents a question of construction by the court, and upon which ordinance defendant has acted."

A fuller notice of the pleadings, map and exhibits would occupy much space and is omitted. The case being heard on motion to dissolve on an inspection of the petition, answer and exhibits, the motion was sustained:

"1. Because the state of Texas has no right or authority to institute a suit of this character through any other officer than her attorney general; and

"2. Because the right of way ordinance, attached as an exhibit to defendant's original answer, is not ambiguous, and therefore parol evidence is not admissible to explain the same, as sought to be done by plaintiff."

The plaintiff declining to amend, judgment was rendered dismissing the suit.

*J. C. Hodges*, county attorney of Lamar county, and *Dudley & McDonald* (who signed themselves as counsel for the state), for appellant.

I. The county attorney of Lamar county was fully authorized by law to bring this suit, and the cause was properly instituted by him.* Const., art. V, sec. 21; R. S., arts. 2797, 2798; Acts of 1879, Extra Session, ch. 48, Proceedings in *Quo Warranto*, see Appendix to R. S., p. 45; The State *v.* The Southern Pacific Railroad Company, 24 Tex., 80; R. S., art. 237.

II. The terms of the right of way ordinance, when sought to be applied to the subject matter of the grant, disclose a *latent* ambiguity, and parol testimony was therefore admissible for the purpose of making such application and removing any ambiguity arising therefrom. Roberts *v.* Short, 1 Tex., 373; Early *v.* Sterrett, 18 Tex., 113; Norris *v.* Hunt, 51 Tex., 609; Burleson *v.* Burleson, 28 Tex., 414; Wharton on Ev., sec. 956 *et seq.;* Stoops *v.* Smith, 100 Mass., 63; Putnam *v.* Bond, id., 58; Sweat *v.* Shumway, 102 Mass., 365; Sargent *v.* Adams, 3 Gray, 72, 77.

III. Where the minutes, records or ordinances of a city council are ambiguous, they may be explained by parol testimony. First National Bank *v.* Randall, Texas Law Journal, vol. 4, No. 3, p. 43, and authorities there cited.

IV. The petition disclosed a good cause of action on two grounds: *First,* The building of a street railway through the streets of a city without authority of law is a public nuisance; and *second,* the allegations of threatened obstruction and impediment to travel, and the destruction of the use of the street to the public, and irreparable injury and damage to the public; and an injunction suit by the state is a proper remedy. Davis *v.* The Mayor, 14 N. Y., 506; Commonwealth *v.* Rush, 14 Pa. St., 186; People *v.* Vanderbilt, 28 N. Y., 396; Columbus *v.* Jaques, 30 Ga., 506; People *v.* 3d Avenue R. R. Co., 45 Barb. (N. Y.), 63; Manhattan, etc., Co. *v.* Baker, 7 Rob. (N. Y.), 523; High on Inj., secs. 485, 519, 528, 408, 532; Dillon on Mun. Corp., secs. 520, 561, and notes 1 and 2 to

each of said sections; Milwaukee *v.* Milwaukee, etc., 7 Wis., 85; Georgetown *v.* Alexandria *et al.*, 12 Pet., 91; Bigelow *v.* Hartford Bridge Co., 14 Conn., 565; Sparhawk *v.* Union Pap. Co., 54 Pa. St., 401; Att'y Gen. *v.* Forbes, 2 Myl. & C., 123; Doolittle *v.* Supervisors, 18 N. Y., 155; State *v.* Saline Co. Ct., 51 Mo., 350; Smith *v.* Hueston, 6 Ohio, 101; Brown *v.* Manning, id., 298; Miller *v.* Grandy, 13 Mich., 540; Craft *v.* Johnson, 5 Kan., 518.

*Hale & Scott,* and *B. J. Baldwin, Jr.,* for appellants.

Gould, Associate Justice.— We agree with the district court in its opinion that this suit could only be instituted, on behalf of the state, by the attorney general, or by his direction.

As this is not an information or proceeding in *quo warranto* to forfeit the franchise of the railway company, the authority to institute it is not affected by the provisions of the act on that subject. R. S., Appendix, p. 47. The only relief sought by the petition was to enjoin the company from constructing its road at a certain point in the city of Paris, on the ground that it was proceeding to do so without any authority of law, and would thereby obstruct the street, and sidewalk, create a public nuisance and cause irreparable damage. Clearly this is not a proceeding under the statute referred to.

The constitution, defining the duties of the attorney general, says: " He shall represent the state in all suits and pleas in the supreme court of the state, in which the state may be a party, and shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the state, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power, or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law." Const., art. IV, sec. 22; R. S., arts. 2806, 2797, 2798.

We think it manifest that the institution of suits in the name of the state to enjoin private corporations from exceeding their powers and thereby creating public nuisances, is such action as, under this section of the constitution, it is for the attorney general to take, or cause to be taken, when, in his judgment, it may be proper and necessary. The power given county attorneys " to represent the state in all cases in the district and inferior courts in their respective counties " (Const., art. V, sec. 21), does not extend to the institution of suits like this, unless it be done with the sanction and in the name of the attorney general. Whether the name of the state shall be used to enjoin, without bond, the construction of a railway, may be a matter of great importance both to the corporation and the public, and we think has appropriately been left to the determination of the attorney general.

This action was brought in the name of the state by the county attorney of Lamar county, on the relation of S. E. Clement and other citizens of Paris, and as it did not purport to be instituted under authority of the attorney general, we think the court rightly held it unauthorized.

We deem it proper to add that, considering the question as presented in the plaintiffs' pleadings, we think the ordinance sufficient to authorize the construction of the railway at the point where it was commenced, and that there is no ambiguity in the ordinance authorizing its explanation by parol evidence of representations made prior to its passage, or of the actual intention or understanding of those by whom it was passed, as to the precise point at which the road was to be constructed.

Whether the passage of the ordinance was procured by fraud, or whether it was passed under a mistake, were not questions properly arising in the case.

The action of the court was equivalent to sustaining

the demurrer to the petition, the only relief sought being an injunction, and as the plaintiff declined to amend, the petition was rightly dismissed.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered April 15, 1881.]