UNION MEN'S FRATERNAL & BENEFI-
CIARY ASS'N et al. v. STATE.
(No. 675.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 13, 1916.)

1. CORPORATIONS ⬌613(1) — FORFEITING
CHARTER—PROCEEDINGS—WHO MAY BRING.

A county attorney may not bring suit to forfeit the charter of a private corporation; Const. art. 4, § 22, providing that the Attorney General shall take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power not authorized by law, conferring exclusive authority on him in that respect.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2431–2434; Dec. Dig. ⬌613(1).]

2. INTOXICATING LIQUORS ⬌274—NUISANCE
—INJUNCTION—PETITION.

The petition alleging that defendant without a license engaged in business of a liquor dealer, that it conducted a saloon, that it had misused its corporate privileges, in that it has unlawfully sold intoxicating liquors, does not show a present actual, threatened, or contemplated pursuit of the business, so as to authorize injunction under Rev. St. art. 4674, as for a nuisance; but rather a violation some time in the past.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 410; Dec. Dig. ⬌274.]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Petition by the State against the Union Men's Fraternal & Beneficiary Association and others. From an order granting injunction, defendants appeal. Reversed and dismissed.

M. W. Stanton and Hudspeth & Dale, all of El Paso, for appellants. C. W. Croom and P. H. Marcum, both of El Paso, for the State.

WALTHALL, J. On September 27, 1916, the following petition was filed in the Thirty-Fourth district court of El Paso county:

"To the Honorable Dan M. Jackson, Judge of said Court:

"Comes now the state of Texas, hereinafter called plaintiff, by her proper county attorney, C. W. Croom, complaining of the Union Men's Fraternal & Beneficiary Association of El Paso, a corporation, and Joe Sullivan and Lee Alexander, hereinafter called defendants, and for cause of action says:

"(1) That Joe Sullivan and the said Lee Alexander are residents of the city and county of El Paso, and state of Texas, and that the Union Men's Fraternal & Beneficiary Association of El Paso, a corporation, is a private corporation duly and legally organized under and by virtue of the laws of the state of Texas. That Joe Sullivan is the president and Lee Alexander is the secretary of said corporation, upon whom process against the same may be served.

"(2) Plaintiff, complaining, now says that the defendant the Union Men's Fraternal & Beneficiary Association of El Paso, a corporation, was duly and legally organized as a private corporation for the purposes hereinafter set out, to wit, for purposes which are to the county attorney unknown.

"(3) Plaintiff alleges that, immediately after the issuance of its corporate charter, the defendant corporation engaged in the business and occupation as of a retail liquor dealer. That the said corporation leased, owned, and controlled certain premises located on the third floor of building occupied by the 'Fashion Store' on San Antonio street, in the city and county of El Paso, Tex. That upon the premises aforesaid, the defendant corporation conducted a saloon and buffet, and sold therein and therefrom spirituous, vinous, and malted liquors in quantities of one gallon and less, to be drunk upon the premises, and that the defendant corporation, nor any one for it, upon the said premises, had taken out a license, or paid to the state of Texas, the county of El Paso, or the city of El Paso, any occupation tax, as is required by law of those who engage in the business or occupation as that of a retail liquor dealer.

"(4) Plaintiff further alleges that the defendant corporation has misused and abused its corporate privileges, both expressed and implied, in this: That it has unlawfully sold intoxicating liquors, and liquors capable of producing intoxication, upon its premises, in quantities of one gallon and less, and that the same were drunk, or were to be drunk, upon the premises. That the defendant corporation had for a long time prior to the date of the filing of this petition and information maintained under the name of its corporate charter, and acting through the officers of said corporation, and under their direction and control, a saloon and buffet. That the said defendant corporation, by its officers, agents, servants, and employés, has conducted and carried on a saloon business and the occupation of retailing intoxicating liquors. That the said corporation, by its agents, servants, and employés, sold and retailed intoxicating liquors and liquors capable of producing intoxication, on all the days of the week, including Sundays, and all the hours of the day, especially between the hours of 9:30 p. m. and 6 o'clock a. m. of the following day, on all the days of the week, including Sundays.

"(5) Plaintiff further says that said corporation has, since the issuance of its charter aforesaid, constantly violated the laws, in this: That it has sold intoxicating liquors and liquors capable of producing intoxication, without a state license therefor; that by such sale of intoxicating liquors aforesaid it has usurped a franchise to which it is not entitled under the laws of the state of Texas; that, such corporation having been incorporated for the purposes as set out hereinbefore, it had no right nor authority under or by virtue of its corporate franchise, either expressed or implied, to engage in the business or occupation as that of a retail liquor dealer; that such sale of intoxicating liquors was not necessary to the enjoyment of the corporate purposes, nor was it reasonably appropriate to the purpose for which the state of Texas issued its said charter. Plaintiff further alleges that the corporation, by its servants, agents, and employés, has permitted its premises to be used for the playing of games with cards, in violation of the laws of this state.

"(6) Plaintiff further says that the sole purpose of the organization and its corporation has been for the purpose of illegally and fraudulently enabling the said corporation by its agents, servants, and employés, to run a saloon and buffet upon the premises aforesaid.

"Wherefore, premises considered, plaintiff prays:

"(1) That the court grant and issue a writ of injunction enjoining and restraining the defendants Joe Sullivan and Lee Alexander, president and secretary, and the defendant the Union Men's Fraternal & Beneficiary Association of El Paso, a corporation, from using the premises or any part thereof, for the purpose of selling spirituous, vinous, or malted liquors; from selling spirituous, vinous, and malted liquors on the premises; from keeping on the premises, for the purposes of dispensing, selling, or giving

away to the members of the Union Men's Fraternal & Beneficiary Association of El Paso, a corporation, or their invited guests, spirituous, vinous, or malted liquors; that the defendant Joe Sullivan, president, not only be enjoined from doing the acts herein complained of, personally, but likewise through any agent, servant, employé, or any other person; that the court issue a writ of injunction commanding the said the Union Men's Fraternal & Beneficiary Association of El Paso, a corporation, its officers, servants, and employés, to desist from selling, keeping for sale, dispensing, or giving away, upon its premises, spirituous, vinous, and malted liquors, and from further permitting games to be played with cards upon the premises of the Union Men's Fraternal & Beneficiary Association of El Paso, or any part thereof, until a final hearing of this cause shall be had.

"(2) Plaintiff prays that this petition be filed as an information in this cause, and that the defendants, and each of them, be cited to appear and answer in this behalf, that the defendant corporation be cited to appear, by service upon Joe Sullivan, its president, that upon final hearing of this cause, that the plaintiff have judgment, that the defendant corporation be ousted of all its franchises and corporate privileges, and that the said charter heretofore granted it by the Secretary of State of the state of Texas be forfeited, for costs of suit, and for such other and further relief as both in law and in equity the plaintiff may be entitled to.

           "[Signed]   C. W. Croom, Co. Atty.
                     "P. H. Marcum."

On the presentation of the petition, the district judge ordered "that the petition be filed as an information in this cause," and directed that the clerk issue the writ of injunction for all things as prayed for in the petition; the injunction to be subject to the further order of the court. The writ of injunction was directed to the corporation as named, and "Joe Sullivan, President," and, after reciting the subject-matter of the petition and the order of the court, commanded that they jointly and severally refrain from doing the matters complained of. On the 29th day of September, 1916, an order of the court recites that the defendants came into open court and through their attorneys gave notice of appeal and requested the court to make a further order suspending the enforcement of its previous order for injunction and fix the amount of the supersedeas bond upon appeal, which request the court granted; the bond was given, and the case is before this court on appeal from the order granting the injunction. The defendants answered by general exception.

[1] The contention of the appellants is that article 4, § 22, of the state Constitution, confers exclusive authority upon the Attorney General of the state to represent the state in all inquiries into the charter rights of all private corporations and, in the name of the state, to take such action in the court as may be proper and necessary to prevent any private corporation from exercising any power or privilege not authorized by law, and, whenever sufficient cause exists, seek judicial forfeiture of such charters; that it does not appear from the petition filed by C. W. Croom, county attorney, that he was authorized to file and prosecute said cause;

that appellant corporation be ousted of all of its franchises and corporate privileges, and that the charter granted be forfeited; and that, for the reason stated, the trial court was in error in granting the temporary injunction upon the petition filed by the county attorney. It is also the contention of defendants that, if any statute of the state confers authority upon the county attorney to file a petition and information to forfeit the charter of a domestic corporation, such statute would be in contraversion of and conflict with said article of the Constitution, and for that reason inoperative.

It is quite clear to us, for many reasons, that the petition does not state a cause of action against either Sullivan or Alexander, and we need not discuss or consider the issues further as to them. If, as claimed by appellant corporation, the state Constitution confers exclusive authority upon the Attorney General of the state to inquire into the charter rights of all private and domestic corporations, and, in the name of the state, to take such action in the courts as may be necessary and proper to prevent them from exercising powers and privileges not authorized by law, we take it as a self-evident proposition that the county attorney at his own initiative could not effectively file a petition in the court inquiring into the charter powers and privileges of such corporation and take a forfeiture of its charter privileges. Article 4, § 22, has reference to the Attorney General, and, in part, provides:

"He shall represent the state in all suits and pleas in the Supreme Court of the state in which the state may be a party, and shall especially inquire into the charter rights of all private corporations, and, from time to time, in the name of the state, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power, or demanding or collecting any species of taxes, toll, freight or wharfage, not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law."

In State v. International & G. N. R. R. Co., 89 Tex. 562, 35 S. W. 1067, the county attorney of Galveston county, by leave of the judge of the district court, filed an information in the nature of a quo warranto in the name of the state, against the railway company, a private corporation, operating under the laws of this state, charging that it was exercising powers not conferred upon it by law, and demanding, receiving, and collecting charges and fares or tolls without being authorized to do so by law. On demurrer of defendant, the cause was dismissed by the trial court on the ground that neither the county attorney nor the district attorney had authority to institute or conduct the proceedings. The question was certified to the Supreme Court whether or not, under our Constitution and laws, those officers are clothed with such authority. The court held they were not. A similar ruling was made in State v. Moore, 57 Tex. 309. In State v.

Paris Ry. Co., 55 Tex. 76, in which the county attorney had filed the suit in the name of the State ex rel. S. E. Clement et al., to enjoin the railroad from building its track along a street in Paris, on the ground that, if built, it would create a nuisance, in discussing the article and section of the Constitution in question, the Supreme Court, through Judge Gould, said:

"We think it manifest that the institution of suits in the name of the state to enjoin private corporations from exceeding their powers and thereby creating public nuisances is such action as, under this section of the Constitution, it is for the Attorney General to take, or cause to be taken, when, in his judgment, it may be proper and necessary. The power given county attorneys * * * (under Constitution, art. 5, § 21) does not extend to the institution of suits like this, unless it be done with the sanction and in the name of the Attorney General."

We think the above authorities are conclusive upon the question of the authority of the county attorney of El Paso county to file a suit to forfeit the charter of a private corporation. As said by the Court of Civil Appeals for the Fifth District:

"The state would not be bound by a judgment in such unauthorized proceeding, and as the state is not bound the defendant would not be." Oriental Oil Co. v. State et al., 135 S. W. 722.

See, also, Brady v. Brooks, 99 Tex. 366, at 379, 89 S. W. 1052.

There is another feature of this case, which it seems to us is not necessarily involved in the question above discussed. The petition alleges, in the third paragraph, that the appellant corporation "engaged in the business and occupation of a retail liquor dealer; * * * that the defendant corporation conducted a saloon and buffet and sold therein and therefrom spirituous, vinous, and malted liquors." The petition does not state that the defendant at the time of the filing of the petition was so engaged, nor when it was so engaged. In the fourth paragraph, it is alleged that "the defendant corporation has misused and abused its corporate privileges both expressed and implied, in this, that it has unlawfully sold intoxicating liquors," etc.

The allegations in the fourth paragraph, we take it, was intended by the pleader to allege, as it did, that the corporation had exceeded and abused its corporate powers and privileges, and for that reason should forfeit its charter. The fifth paragraph of the petition is a repleading of substantially the facts contained in the third and fourth, and deny in the defendant the right to engage in the business of retail liquor dealer.

[2] We think we need not discuss the question of the authority of the county attorney to bring a suit for injunction against a corporation in behalf of the state strictly under article 4674, Revised Statutes, and articles following, as the petition does not show a present actual, threatened, or contemplated pursuit of the business denounced in article 4674, but rather shows that the defendant has at some time in the past violated the provisions of that article, and that, for having done so, the forfeiture of its charter is sought in the suit filed. True, the petition prays that defendant be enjoined from using the premises described as a place for dispensing liquors and from doing the acts complained of, but from the prayer alone it can hardly be inferred that appellant is then actually doing, threatening, or contemplating the doing of the things complained of, and that, independently of the purpose to forfeit the appellant's corporate franchise, it is sought to enjoin the appellant from selling liquors. We disclaim any intention in this opinion of passing upon the question of the right of the county attorney to file a suit in behalf of the state to enjoin appellant or any person from a violation of matters denounced in article 4674, Revised Statutes.

For the reasons stated, the case is reversed, and the cause dismissed.