# JANUARY, 1918

### AETNA CLUB ET AL. v. THE STATE OF TEXAS.

Application No. 10392. Decided January 16, 1918.

**1.—Action—County Attorney—Intoxicating Liquors—Injunction.**

Action in the name of the State, under article 4674, Revised Statutes, to enjoin an incorporated social club from keeping for sale intoxicating liquors, in admitted perversion of its charter powers, may be maintained by a county attorney. (Pp. 91, 92.)

**2.—Same—Constitutional Law—Attorney General.**

Though the Constitution (art. 4, sec. 2) imposes upon the Attorney General alone the duty of bringing suit "to prevent any private corporation from exercising any power . . . not authorized by law," it was within the power of the Legislature, as was done by article 4674, Rev. Stats., to declare the business of selling intoxicating liquors without license, whether pursued by an individual or a corporation, to be a nuisance, and to provide for its abatement by summary remedy on suit brought by the county attorney in the name of the State, though the act by a corporation also constituted a perversion of its charter powers and, as such, was to be restrained only by suit through the Attorney General. State v. Paris Ry. Co., 55 Texas, 76, limited. (Pp. 91-93.)

Application for writ of error to the Court of Civil Appeals for the Eighth District, in an appeal from El Paso County, by the Aetna Club and others against the State of Texas (193 S. W., 1106).

*Weeks & Owen,* for applicants, cited: Constitution of Texas, art. 4, sec. 22; State v. Paris Ry. Co., 55 Texas, 79; State v. International & G. N. Ry. Co., 89 Texas, 562; Brady v. Brooks, 99 Texas, 366.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The question presented is whether an action in the name of the State, under article 4674, to enjoin an incorporated social club from selling and keeping liquors for sale, in admitted perversion of its charter powers, may be maintained by a county attorney, or alone by the Attorney General.

According to the finding of the jury, supported by the proof, the club had been using its corporate character as a subterfuge for the pursuit of the business of selling liquors without a license. This was in violation of its charter, and at the same time, under article 4674, made its business a public nuisance, subject to be enjoined at the suit of the county or district attorney in behalf of the State or of any private citizen. Such a suit was filed by the county attorney of El Paso county.

The contention of the petitioners is that the Constitution imposes

upon the Attorney General, alone, the duty of taking such action in the courts as may be necessary "to prevent any private corporation from exercising any power . . . not authorized by law" (art. 4, sec. 22), and, therefore, the county attorney was without authority to maintain the suit. The Court of Civil Appeals affirmed the right of the county attorney in the premises, Chief Justice Harper dissenting.

There can be no doubt as to the power of the Legislature to declare, as it has declared in article 4674, that the business of selling intoxicating liquors without license, whether pursued by an individual or a corporation, amounts to a public nuisance, and to provide for its abatement by summary remedy. With this true, we do not think it could have been the intention of the Constitution in its definition of the duties of the Attorney General to deny to the Legislature, in its enactment of such a law, the authority to lodge in the county and district attorneys of the State the right to invoke that remedy in the name of the State, though, perchance, the violator of the law be a corporation and its violation of the law be equally a violation of its charter. What article 4674 denounces is the maintenance of a public nuisance. It is not concerned with the character of the person, whether natural or artificial, by whom the nuisance is maintained, or, if it be a corporation, whether the act denounced is in excess of its powers. It broadly declares that anyone,— an individual, a firm, or a corporation, who does the given act, shall be deemed the promoter of a public nuisance. In the case of a corporation, its act is made unlawful, not because of the violation of its charter, but because of its violation of this law; and if it be the offender, the suit authorized has for its object, not an inquiry into its corporate authority, but simply the suppression of the nuisance. The Constitution does not impose upon the Attorney General, solely, the duty of moving against corporations for their violations of the law, and it is, therefore, competent for the Legislature to confer upon the county and district attorneys of the State the authority for such action in the local courts. In the framing and adoption of the Constitution it must have been contemplated that in many instances such violations would be purely local in their nature, whose redress would more appropriately lie within the duties of local officers. The efficient exercise of that authority where conferred is protected by the same power which warrants its grant. If the act of the corporation be a violation of the particular law which demands its exertion, it is not to be rendered vain because that act offends against another law or transcends authority given by such law. The nuisance declared against by the statute is one local in its character. Its abatement at the suit of the State, therefore, falls naturally within the constitutional duties of the county and district attorneys; and it was accordingly lawful, in our opinion, for the Legislature to invest them with the authority given.

The contention of the petitioners finds some support in the opinion delivered in State v. Paris Railway Co., 55 Texas, 76, but we do not

think that holding should be extended to cases of this character, and
we decline to so extend it.

The writ of error is refused.