674

## ÆTNA CASUALTY & SURETY CO. v. WOODWARD et al.

Motion No. 9579; No. 1271—5847.

Commission of Appeals of Texas, Section B.
July 22, 1931.

For former opinion, see 36 S.W.(2d) 721.

Harry P. Lawther and H. B. Sanders, both of Dallas, for plaintiff in error.

Thos. G. Pollard, of Tyler, Bishop & Holland, Wynne & Wynne, and Justice & Sigler, all of Athens, and Leffingwell & Dixon, M. S. Church, and C. A. McBride, all of Dallas, for defendant in error.

SHORT, P. J.

In this case three several parties have filed motions for a rehearing. The plaintiff in error, Ætna Casualty & Surety Company, has filed a motion to reform the judgment which was entered by the Supreme Court upon the recommendation of this Section of the Commission. 36 S.W.(2d) 721. The defendant in error Dallas Plumbing Company has filed a motion for rehearing, as also has the defendant in error Central Texas Iron Works.

In the original opinion and the judgment rendered by virtue thereof, the judgment of the district court and of the Court of Civil Appeals, 31 S.W.(2d) 679, which affirmed the judgment in favor of I. L. and O. T. Woodward, was affirmed by the Supreme Court. The judgment of the district court and of the Court of Civil Appeals was reversed, as to that portion that fixes the lien on the unpaid funds in favor of the Dallas Plumbing Company.

The plaintiff in error, in its motion to reform, asserts that it is entitled to have the money, which was paid into the registry of the court by the First National Bank of Malakoff, Tex., being the amount left over of that which was to be paid the contractor by the Malakoff independent school district, amounting to $5,701.08, applied to the satisfaction of the judgment in favor of I. L. and O. T. Woodward; the result of this claim being to release the plaintiff in error of its obligation to pay the judgment against it in favor of I. L. and O. T. Woodward. The contractor and school district entered into a contract whereby it was agreed that the school district was to retain 20 per cent. on the estimates furnished by the contractor to the district. The school district did this, and after completing the building, when the contractor had defaulted, it had this sum remaining. Under this contract this sum belonged to the contractor, McBride, but the contractor still owed materialmen and laborers for the material furnished and labor performed in carrying out the terms of the contract. Some of these materialmen and laborers complied with the law requiring the notice provided by the Act of 1927 (Vernon's Ann. Civ. St. art. 5160 note), and some did not. In our original opinion we held that those who had made themselves parties to the surety contract, or bond, were entitled to recover the amount of the claims established by each of them against the plaintiff in error, while those who did not make themselves parties were held not to be parties to the surety contract or bond. However all of those materialmen and laborers had valid claims against the contractor, and each of them has established his claim against him, and has had final judgment rendered against the contractor in their favor for the amount of the several claims. The surplus was held by the district and was deposited in court as the amount which the district owed McBride. The bond was given to protect the school district and materialmen and laborers who made themselves parties by giving the re-

quired notice. In the motion to reform the plaintiff in error asks that it be released from any obligation on this judgment against it in favor of I. L. and O. T. Woodward by ordering the judgment paid from the surplus fund. However, according to our original opinion, the judgment of the district court and of the Court of Civil Appeals, in favor of the materialmen and laborers against the plaintiff in error, has been reversed and the cause has been remanded as to them. Only the judgment in favor of I. L. and O. T. Woodward against the plaintiff in error has been affirmed, except the judgment in favor of certain parties for cost.

▮ The situation renders uncertain the amount of liability of the plaintiff in error to pay the claims for material and for labor. To grant the motion to reform the judgment in the manner asked by the plaintiff in error would leave in its hands a surplus of the amount of the retainage and enable the plaintiff in error to make a profit out of the transaction, which the law does not contemplate it should do. The law does contemplate that the plaintiff in error shall have the right to appropriate so much of the retainage as shall be necessary, if the amount is sufficient to do so, as shall be sufficient to reimburse it for the amount which it shall be compelled to pay those materialmen and laborers, whose claims had not been paid by the contractor, and which the plaintiff in error has been compelled to pay. The amount of the claim of I. L. and O. T. Woodward only amounts to $580.50, besides interest and cost. The amount of the surplus is nearly ten times that amount. We are therefore of the opinion that the motion to reform the judgment in the manner indicated by the motion of the plaintiff in error should be overruled, without prejudice, however, to the right of the plaintiff in error to assert its lawful demands against the surplus upon another trial of the case.

The motion filed by the Dallas Plumbing Company, among other things, complains of that portion of the original opinion and the judgment rendered thereon, which adversely affects it, and calls attention, among other things, to the following allegations in its plea of intervention: "That within thirty days from the dates that its claim for labor performed under the terms of its contract of August 13, 1928, and supplemental contract accrued and became payable, were itemized and sworn to by the authorized agent of and for the intervener herein, Dallas Plumbing Co., and filed with the contractor, C. W. McBride, and also within thirty days after the deliveries of the material under the terms of intervener's said contract of August 13, 1928, and supplement thereto, on the premises where said school building was being erected at Malakoff, Hunderson County, Texas, this intervener itemized its claims for materials, all said statements being sworn to by its authorized agent, and file the same with said contractor, C. W. McBride."

It also calls our attention to the statement of facts and the findings of fact by the Court of Civil Appeals to the effect that the above allegation is supported by sufficient testimony, and especially to the fact that it had a written contract with the contractor specifying not only the amount which was to be paid for the material furnished but also the time when these amounts should be paid and that it had given the notice of these claims within thirty days after the accrual of the claim. In our original opinion we held that this intervener had neither pleaded nor proved that he had filed authorized authenticated statements of its account either with the contractor or the county clerk of Henderson county as provided by the Act of 1927 (Acts 40th Leg., 1st called Sess., c. 39 [Vernon's Ann. Civ. St. art. 5160 note]).

It is the contention of this intervener that the record shows, under this situation, a compliance with the law which governs its claim, and because the contract made between it and the contractor, which was dated before the Act of 1927 went into effect, provided that one-half the material should be paid for when the work had progressed to a certain stage, and that the other one-half should be paid for after the work had been completed, and that this fixed the rights of the parties, and that it had complied strictly with the provisions of its contract made with the contractor. The contention of this intervener would be correct in so far as the obligation of the contractor is concerned by the amendment of article 5160, being the Act of 1927, 1st Called Sess., c. 39, § 1 (Vernon's Ann. Civ. St. art. 5160 note), which went into effect before any of this material was furnished to the contractor, which provides that in order for a materialman to have a lien so as to bind the surety of the contractor, it must have furnished an itemized statement to the contractor or file such statement with the county clerk within thirty days after the material had been delivered. It is true the allegation is made that the Dallas Plumbing Company filed with the contractor such statement, within thirty days after the deliveries of the material, under the terms of intervener's written contract with the contractor; but it does not allege a delivery to the contractor of the notice that the material had been furnished within thirty days from the date of the delivery thereof, which the Act of 1927 makes a prerequisite to the validity of the claim of a materialman furnishing material to the contractor, to make the surety of the contractor responsible for the value thereof. There was an exception to the sufficiency of this intervener's plea of intervention in this respect, which was overruled by the district court, and this action of the district court was sustained by the opinion of the Court of Civil Appeals, and an assign-

676

ment has been presented to the Supreme Court, based upon this part of the record. We sustain this assignment.

However, the Court of Civil Appeals found that the proof was sufficient to show that the notice had been given in accordance with the Act of 1927, in consequence of which it became necessary to reverse the judgment of both courts in favor of this intervener against the surety company, the plaintiff in error, on account of the failure of the plea of intervention to make the necessary allegations supporting this finding of fact.

It may be, upon another trial, that the plea and proof will be sufficient to entitle this intervener to a recovery on the bond, but in the absence of pleading and proof, in accordance with our holding, this intervener would not be entitled to any recovery from the plaintiff in error, but would be entitled to a judgment against the contractor. It is true that when the contract was made with the contractor the law did not require the giving to the contractor of any notice of delivery of material within thirty days thereof, but before the contract was commenced to be performed the Act of 1927 became effective, and it must be presumed that the parties entered into the contractual relation in contemplation of remedies afforded by the statute, and it must be further presumed that the power of the Legislature to substitute other remedies was contemplated. Subsequent legislation which affects the change in this respect is not rendered invalid as to said parties by the constitutional provision (U. S. Const. U. S. art. 1, § 10, cl. 1, Const. Tex. art. 1, § 16) against the impairment of the obligation of contract if an adequate remedy is left available. Farmers' Life Ins. Co. v. Wolters (Tex. Com. App.) 10 S.W.(2d) 698; Patton v. New Amsterdam Casualty Co. (Tex. Com. App.) 36 S.W.(2d) 1000; American Surety Co. of New York v. Axtell Co. (Tex. Com. App.) 36 S.W. (2d) 715.

Since the original opinion reversed the judgment rendered by the Court of Civil Appeals, involving this claim, and since we find no error in this respect, this motion should be overruled.

The remaining motion for rehearing filed by the Central Texas Iron Works, one of the defendants in error, claims the original opinion and judgment rendered in accordance therewith is error, on the ground that the original opinion erroneously held that the validity of the defendant in error's claim was dependent upon the provision of the Act of 1927, for the reason that the record affirmatively shows that its plea of intervention alleged, and the proof supports the allegation, that the material furnished by it was furnished and delivered in the month of August, 1927, prior to the time said amendment became effective. Upon a re-examination of the plea of intervention, we find the following allegation: "These interveners would show that during the month of August, 1927, they at the special instance and request of said McBride, furnished and delivered material which was used in the construction of said school building for which the said McBride agreed to pay and were of the reasonable value of $1,912.69; that said material was received and accepted by said McBride and that only $1,450.00 has been by him paid, leaving a balance of $462.69 due and unpaid and though often requested, the said McBride has refused and still refuses to pay same; that these interveners have done and performed all acts necessary to be done and performed to render the said Surety on said Bond liable to pay them the said sum of $462.69, wherefore they are entitled to recover herein from said McBride and Ætna Casualty & Surety Company said sum of $462.69. These interveners attach hereto statement of said materials so furnished by them marked exhibit 'A', and made a part of this plea of intervention."

The proof supports these allegations, and the judgment of the district court was rendered in accordance therewith, to which no objection was made. Having alleged that the material was furnished prior to the date the Act of 1927 became effective, it is not necessary that we allege that the notice required by this act, which thereafter became effective, had been given. American Surety Co. of New York v. Axtell Co., supra.

There is no assignment of error challenging the right of this defendant to recover other than the exception that they did not allege the giving of the notice required by the Act of 1927 and of course did not prove any such allegation, and the record showing the material was furnished prior to the time the Act of 1927 became effective, we think we erred in reversing the judgment in so far as it awarded recovery in favor of this defendant in error against the plaintiff in error. It appears, as shown by the original opinion, that one issue of fact was submitted to the jury, and the district court having rendered judgment in favor of the original plaintiffs, and also in favor of the interveners, who furnished material and performed labor, against McBride, the contractor, for certain sums of money mentioned in the judgment, which part of the judgment being unassailed, and from which there has been no appeal, that part of the judgment became final. It also appears, without contradiction, that there was deposited in the registry of the court the sum of $5,701.08 by the First National Bank of Malakoff, Tex., which had received it from the Malakoff independent school district as the balance of the contract price left from the construction of the building, and which was the property of C. W. McBride, the contractor, subject however to the claims which had been established against him by the original plain-

tiffs and by the interveners. It also appears that these claims which were unpaid exceed in amount this sum.

No other motions having been filed, except those which we have discussed, the judgment rendered in accordance with the original opinion has become final, except as the same has been affected by the opinion of these motions. Since neither of these motions challenge the correctness of the claims adjudged against the contractor in favor of those who furnished material and labor to him upon another trial, it will not be necessary to reopen that part of the case; but since it admitted that the court has in its possession the sum of $5,-701.08, which must be distributed among those who are entitled to receive it, and since this distribution will materially affect the judgment which should be rendered in favor of the interveners against the contractor, as well as against the surety company, and since the case must be reversed as to some of the parties, we are of the opinion that it should be reversed as to all the parties, in accordance with our original opinion, except, of course, those parties in whose favor a judgment for costs has been rendered.

We therefore recommend that the motion of the plaintiff in error, Ætna Casualty & Surety Company, to reform the judgment be overruled; that the motion of the Dallas Plumbing Company be overruled, subject to its right to recover against the plaintiff in error, should the pleading and proof, upon another trial, show it to be so entitled; and that the motion of the Central Texas Iron Works, for rehearing, be granted, that so much of the original opinion as adversely affects this intervener be set aside, and that the judgment of the district court and of the Court of Civil Appeals rendered in its favor be affirmed, and that it recover its costs against plaintiff in error.

CURETON, C. J.

Previous judgment reformed, as recommended by the Commission of Appeals.