## STATE ex rel. STEELE et al. v. HEATH.
### No. 9758.

Court of Civil Appeals of Texas. Galveston.
Oct. 28, 1931.

Rehearing Denied Nov. 19, 1931.

T. P. Buffington and J. B. Leigh, both of Navasota, for appellants.

M. E. Gates, of Huntsville, and A. L. Mayfield, of Anderson, for appellee.

GRAVES, J.

O. L. Steele and E. W. Harris, as relators, acting through their private attorneys, filed and prosecuted this proceeding below as one in the nature of a quo warranto in the name of the state of Texas against W. W. Heath, seeking thereby to test his right to hold the office of county judge of Grimes county, the district attorney for the Twelfth district having joined in signing their petition for an information; the district judge ordered it filed as such an information and that citation issue; thereafter, upon the hearing of the cause, at which the state of Texas was neither represented nor in any way participating, either through the district attorney or

any other officer, attorney, or agent, the trial court sustained a general demurrer to the relators' petition and dismissed the case, whereupon they excepted and gave notice of appeal to this court, being allowed 80 days in which to prepare and file their statement of facts and bills of exception.

Likewise neither the state of Texas nor any officer, attorney, or agent for it, gave any notice of or took any other step looking to an appeal from the judgment so rendered below; the appeal presented here for consideration—as well as the bond on which it rests—having been taken, filed, and prosecuted solely by the two relators without the joinder of any one acting by authority of the state.

These facts having all been made to appear to the satisfaction of this court from the record and papers presented, it is apparent that, under our statutes and decisions relating to such proceedings, it has no jurisdiction to entertain an attempted appeal herein by the two private relators alone. R. S. articles 6253–6258; State v. Nelson (Tex. Civ. App.) 170 S. W. 814.

Had the state participated as a litigant in the trial court, it took no appeal, wherefore the judgment there became final as to it anyway. Surety Co. v. Woodward (Tex. Com. App.) 41 S.W.(2d) 674.

Were we called upon, however, to consider the cause on its merits, we should hold that the learned trial court entered the proper judgment.

It follows that a dismissal for the want of jurisdiction should enter; it has been so ordered.

Cause dismissed.