**TOWN OF DE KALB et al. v. STATE ex rel. KING.**

**No. 1498.**

Court of Civil Appeals of Texas. Waco.

May 3, 1934.

O. H. Atchley, of New Boston, for appellants.

Keeney & Moseley, of Texarkana, and L. O. Meadows, of De Kalb, for appellee.

GALLAGHER, Chief Justice.

This is a proceeding by information in the nature of a quo warranto, filed in the district court of Bowie county under leave of the judge thereof, to assail the legality of the incorporation of the town of De Kalb in said county and of the extension of the boundaries of the original town by the annexation of additional territory thereto. The original action was brought by the state of Texas, by L. C. Boswell, county attorney of said county, on the relation of L. A. King, against said town and against W. W. Whybark, mayor, and M. P. Braswell and others, aldermen thereof. The petition was signed by said county attorney and by private counsel employed by the relator. During the pendency of the suit said Boswell retired from the office of county attorney and was succeeded therein by W. N. Harkness, who, with counsel for relator, signed the amended petition on which trial was had. The attack upon the validity of the original incorporation of said town appears to have been abandoned. The validity of the annexation of said additional territory was assailed on the ground that a majority of the inhabitants thereof qualified to vote for members of the Legislature had not voted in favor of such annexation; that no such affidavit as was required by law showing that such inhabitants had so voted, was presented with the petition therefor; and that the territory so annexed was more than a half mile in width. Other grounds of attack upon the validity of such annexation are not deemed material.

Appellants filed certain pleas in abatement, but it does not appear that the same were presented to or acted upon by the court. None of said pleas tendered an issue as to whether the court abused his discretion in permitting the petition to be filed. Appellants' pleading to the merits alleged that, notwithstanding the state of Texas was a plaintiff in the suit, it was a nominal plaintiff only, and that the object and purpose of the suit was to protect and enforce the private individual rights and interests of the relator, L. A. King, who owned land in the annexed territory upon which taxes had been levied by the town, and that the cause of action asserted was barred by the four years' statute of limitation. Appellants also pleaded that both the state and relator, King, were guilty of laches in delaying for more than four years any attack upon the validity of such annexation.

The case was submitted to a jury upon special issues. The substance of the findings of the jury on the issues pertinent to this appeal is as follows:

(a) A majority of the residents of the territory so annexed who were electors qualified

to vote for members of the Legislature did not vote in favor of such annexation.

(b) The sole purpose of this suit was the enforcement of the private individual rights and interests of the relator, King.

(c) The state and the relator, King, delayed the institution of this suit for an unreasonable length of time.

The court rendered judgment on the verdict, establishing the legal boundaries of said town as defined by the field notes existing prior to the annexation of the territory in dispute and declaring such annexation void.

## Opinion.

Appellants present appropriate assignments in which they insist that the court erred in refusing their request for a peremptory instruction and in rendering judgment declaring void the annexation of the additional territory. Their insistence that the court erred in refusing their request for a peremptory instruction is predicated on their contention that the uncontradicted evidence showed that the sole purpose of this suit was the protection and enforcement of the private individual rights and interests of relator, King, and their insistence that the court erred in rendering judgment declaring void the annexation of such additional territory is predicated on the additional fact that the jury found that such was the sole purpose of the suit. The territory annexed was described in a petition presented to the council of said town as lying contiguous to the existing boundary thereof. It was further described by metes and bounds and represented to contain 766 acres. Said petition was supported by the affidavit of three persons, who stated, in substance, that they had read the names signed to said petition, that such signers were a majority of the owners and holders of certain real estate lying within the boundaries described therein, and that they, and each of them, desired to be annexed to and become a part of said town. An ordinance declaring said territory annexed to and a part of said town was passed November 12, 1926. The relator, King, at the time of the annexation of said additional territory, owned a tract of land situated therein containing approximately 21 acres. He resided thereon at the time of the trial. He employed an attorney who went before the town council and sought to have relator's property excluded from the limits of the corporation, but this effort was unsuccessful. The testimony shows that counsel for relator then laid the facts before Mr. Boswell, who was county attorney at the time, and who authorized the filing of the suit and the use of his name as such officer on behalf of the state, and agreed to appear in the case. After Mr. Boswell was succeeded in office by Mr. Harkness, one of relator's attorneys presented the facts to him and he authorized the substitution of his name as representative of the state and the continuance of the suit and promised the day before the trial began to appear and participate therein, but did not do so. The name of Mr. Harkness in his official capacity appears at the conclusion of the brief in this case. Whether he participated in the preparation thereof is not shown, but his assent thereto and adoption thereof is not challenged. This suit was instituted on April 27, 1931, approximately four and a half years after the ordinance annexing said territory was passed. Leave of the court to file the same appears to have been granted ex parte.

■■■ A municipal corporation is a creature of the state and is vested with such powers as the Legislature has delegated to it to enable it to subserve the interests of the public. A usurpation of such powers is a wrong to the state, and an action in the nature of a writ of quo warranto to annul the assumption of such authority is a suit by the state. State v. Wofford, 90 Tex. 514, 520, 39 S. W. 921, 924. The state in such suits acts to protect itself and the good of the public generally, through some duly chosen agent as designated by its laws. Staples v. State, 112 Tex. 61, 67, 245 S. W. 639. The county attorney in the county in which a municipal corporation is located is authorized by statute, either of his own accord or at the instance of an individual relator, to present a petition to the district court for leave to file in the name of the state an information in the nature of a quo warranto to test the validity of the incorporation thereof. R. S. art. 6253. When such proceeding is begun and prosecuted at the instance of an individual relator, it does not result from this that the conduct and continued prosecution of the case is any less under the exclusive control of the state's attorney and the court than it would have been if, upon facts sufficiently well known to the officer instituting the same, it had been begun by him upon his own motion. Although such private relator is responsible for setting the proceeding in motion and becomes liable for the costs of the suit, the conduct and continued prosecution of the case remains under the exclusive control of the state's attorney and the court. Staples v. State, supra, page 72 of 112 Tex., 245 S. W. 639, and authorities there cited. By the express terms of article

5517 of our Revised Statutes, limitation does not run against the state. Since this suit was by the state in the public interest and under the authorities above cited subject to its exclusive control, neither limitation nor laches was available as a defense to the relief sought, notwithstanding it was brought at the instance and relation of appellee, King, and he, in common with all the other owners of property in such territory, was interested in the result. State v. Wofford, supra. See, on attacking the legality of municipal corporations generally, King's Estate v. School Trustees of Willacy County (Tex. Civ. App.) 33 S.W.(2d) 783 et seq. (writ refused), and authorities there cited; Fritter v. West (Tex. Civ. App.) 65 S.W.(2d) 414, par. 8; Rachford v. City of Port Neches (Tex. Civ. App.) 46 S.W.(2d) 1057, 1059, par. 6, and authorities there cited; Martin v. Grandview Independent School Dist. (Tex. Civ. App.) 266 S. W. 607, 608, par. 3, and authorities there cited; Miller v. School Trustees of Milam County (Tex. Civ. App.) 52 S.W.(2d) 806, 808, par. 4; State v. Nelson (Tex. Civ. App.) 170 S. W. 814, 815, par. 1; State v. Heath (Tex. Civ. App.) 44 S.W.(2d) 398. No interest of the relator, King, in the result of the suit other than the relief of his property from municipal taxes was shown. Such relief would be necessarily shared proportionately by the owners of all other property in such territory. The additional land included in such territory was 768 acres, of which relator owned approximately only 21 acres. Clearly he could not, under such circumstances, be the sole beneficiary of a decree avoiding such annexation. The court, under the undisputed facts in evidence and the authorities above cited, properly disregarded the finding of the jury that the sole purpose of this suit was the enforcement of the individual rights of the relator, King, as being without effect in determining the judgment to be rendered.

Appellants present appropriate assignments in which they insist that the court erred in holding the annexation of such additional territory void. The statute provides, in substance, that, when a majority of the inhabitants qualified to vote for members of the state Legislature of any territory adjoining the limits of an incorporated city to the extent of one-half mile in width shall vote in favor of becoming a part of said city, any three of them may make affidavit to such fact, and that the city may by ordinance receive such territory as a part thereof. R. S. art. 974. The town of De Kalb as originally incorporated contained 596 acres of land, or less than one square mile. The territory annexed contained 768 acres, or more than an additional square mile. No map of either the original or enlarged limits of said town is found in the record, but the field notes of the annexed territory show that at least a large part thereof is more than a half mile in width. The petition upon which said territory was annexed purported to have been signed by twelve citizens and resident owners of real estate within the boundaries described therein. The petitioners tendered therewith the affidavit of three of such signers, in which it was averred that those signing such petition were a majority of the owners and holders of certain real estate lying near and adjoining the corporate limits of said town and within the boundaries of the field notes set out therein, and that they and each of them were desirous of being annexed to and becoming a part of said town. Even a casual comparison of the terms of the affidavit with the provisions of the statute above recited will disclose that such affidavit, in material matters, failed to meet the prescribed requirements. Such affidavit failed to state affirmatively that the signers of said petition were a majority of the inhabitants of such territory who were then and there qualified to vote for members of the Legislature. There is a material difference between an inhabitant of certain territory and a mere owner of land situated therein. There is also a material difference between a majority of the owners of certain real estate situated within recited limits and a majority of the owners of all the real estate situated within such limits. The affidavit upon which such annexation was based was inherently defective. The jury, moreover, found that a majority of the residents of such territory who were qualified electors did not vote for annexation. Appellants assail such finding on the ground that the evidence was insufficient to support the same. Without discussing the evidence in detail, we think it was sufficient to warrant the finding assailed. The annexation of the territory under consideration was not warranted, and the court properly avoided the same. City of West University Place v. State (Tex. Civ. App.) 56 S.W.(2d) 1081, 1082, et seq. (writ refused), and authorities there cited.

The judgment of the trial court is affirmed.