STATE ex rel. BAUGHMAN et al. v. WOODRUFF et al.

No. 10061.

Court of Civil Appeals of Texas. San Antonio.

Sept. 18, 1936.

On Rehearing Oct. 28, 1936.

Gaines, Gaines & Roberts, of San Antonio, and R. B. Rentfro, Jr., and H. G. Wright, both of Raymondville, for plaintiffs in error.

Jesse G. Foster and R. F. Robinson, both of Raymondville, for defendants in error.

PER CURIAM.

Defendants in error have filed their verified motion herein to dismiss plaintiffs in error's application on the contentions therein set forth.

Plaintiffs in error, acting through one of their attorneys of record, have filed their verified answer to such motion to dismiss.

This proceeding is one such as can only be authorized and prosecuted by the state of Texas, acting through the county attorney, the district attorney, or the Attorney General. The record shows that the suit was filed by the county and district attorneys, as authorized by law. Neither of such officers participated in the proceedings in the trial court, in which court judgment was rendered against plaintiffs in error. Nei-

ther the county attorney nor the district attorney has participated in, nor has either affirmatively authorized, this appeal from the adverse judgment of the court below. The verified motion of plaintiffs in error here sets out that such officers have acquiesced in the action of the other parties in bringing the appeal, in that they have each been notified that the appeal would be prosecuted. In support of this contention, the plaintiffs in error attempting to appeal, request this court, if it has any doubt as to the intention or desire of such officers in connection with the appeal, to take the testimony of the county attorney and the district attorney.

This court is not required, nor do we deem it proper, to take any such action against such public officers to determine what their desires, intentions, or duties may be. As to whether it may be their duty to file, prosecute, or appeal this or any other case is a matter for their own determination, and we feel that their action or decision should be definitely and affirmatively expressed. We hold it to be the duty of the litigants and their counsel, not the court, to present the evidence and the desires and contentions which they wish this court to consider.

It appears from the verified motion and the reply thereto that the state, through its proper officers, has not affirmatively authorized or joined in this appeal, for which reason, and on the authorities here cited, we find it our duty to grant the motion to dismiss the writ, and it is so ordered. State ex rel. Steele et al. v. Heath (Tex.Civ. App.) 44 S.W.(2d) 398; articles 6253–6258, Revised Statutes; Ætna Cas. & Surety Co. v. Woodward (Tex.Com.App.) 41 S.W.(2d) 674; Town of De Kalb et al. v. State ex rel. King (Tex.Civ.App.) 71 S.W.(2d) 299; 34 Tex.Jur. §§ 12–20, pp. 855–867.

On Motion for Rehearing.

Defendants in error's motion to dismiss the writ of error was granted on a former day, upon the specific ground that it appeared from defendants in error's motion to dismiss, and plaintiffs in error's reply thereto, that the state, through its proper officers, had not affirmatively joined in or authorized the appeal. It now appears that the county attorney has affirmatively joined in the motion for rehearing, from which action it is necessarily implied that the state, through that official, did authorize, and now joins in, the appeal. This implication is strengthened by the fact that defendants in error have not contested the motion for rehearing, or offered any evidence, by affidavit or otherwise, touching upon the question of the jurisdiction of this court over the case. These conclusions require that plaintiffs in error's motion for rehearing be granted, and defendants in error's motion to dismiss be overruled, unless the latter motion shows some other good ground for dismissal. We are of the opinion that no such other ground is shown.

Accordingly, plaintiffs in error's motion for rehearing will be granted, and the former order granting defendants in error's motion to dismiss writ of error, and the order of dismissal, will be set aside, and the motion to dismiss overruled.

It is so ordered.