The STATE of Texas ex rel. Cleve O. BENNETT et al., Relators,

v.

CLARENDON INDEPENDENT SCHOOL DISTRICT et al., Respondents.

No. 6560.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1956.

Rehearing Denied Feb. 20, 1956.

280

Smith, Teed, Wade & Waters, Pampa, R. Y. King, County Atty., Clarendon, S. E. Fish, Amarillo, for relators.

Porter & Lowe, Clarendon, for respondents.

PITTS, Chief Justice.

This is an appeal from a judgment sustaining a plea in abatement and dismissing a quo warranto proceeding. Originally the State of Texas as plaintiff by Ed Martin, County Attorney of Armstrong County, Texas, together with relators, Cleve O. Bennett, Milton H. Davis, Ralph Justiss, Carl Hignett, J. J. Justiss, Carey Stephenson and Herbert Davis, being residents of Goodnight Independent School District in Armstrong County, Texas, sought and obtained on February 13, 1954, a written order from the district judge of the 47th Judicial District of Armstrong County, authorizing them to file an information and petition in quo warranto, complaining of certain alleged unauthorized and illegal acts of the Donley County School Board and its named trustees, Clarendon Consolidated Independent School District in Donley County and its named trustees, School District No. 17 in Donley County and its named trustees, the Goodnight Independent School District in Armstrong County and its named trustees and the Commissioners Courts of both Donley and Armstrong Counties, together with the named members of each, which alleged acts sought to unlawfully and illegally consolidate the Goodnight Independent School District with the Clarendon Consolidated Independent School District. The State of Texas, by and through the said named county attorney, as plaintiff, and the said named relators filed their said information and petition in the said court on February 13, 1954.

By stipulation and agreement of relators and respondents, it is shown that elections were held in each district to consolidate Clarendon Consolidated Independent School District and Goodnight Independent School District and for the assumption of the bonded indebtedness accordingly and that each proposal carried by a majority vote in each of the said districts and that the necessary and proper orders acknowledging the results of the said elections have

been performed at the proper time and in the proper manner. Relators contend that the two named school districts are not legally contiguous districts and can not therefore be lawfully consolidated, while respondents contend that the two school districts are contiguous and were made so by the proper authority and that in any event such acts have been since validated by the Legislature.

All named respondents except the Goodnight Independent School District and its trustees and the Commissioners Court of Armstrong County and its members filed their pleas of privilege seeking to have the action transferred to Donley County, Texas, where they each resided. It was conceded by plaintiff and relators that such pleas of privilege should be sustained, as a result of which they were sustained on April 23, 1954, and the whole cause was ordered transferred to the 100th Judicial District Court of Donley County, Texas, where it was received and filed on May 14, 1954.

Thereafter, respondents filed their plea in abatement and on October 19, 1954, they filed their answer on the merits subject to their plea in abatement. On February 19, 1955, with leave of the Court first had and obtained, respondents filed their first amended original plea in abatement challenging the sufficiency of the information and petition filed by plaintiff and relators, and asking that the action be dismissed for lack of jurisdiction. On March 22, 1955, relators, joined by R. Y. King, County Attorney of Donley County, as plaintiff, representing the State of Texas, filed their first amended original petition in the district court of Donley County, alleging as previously stated the material facts set out in their original petition, but there is no showing that they first obtained leave or permission from the judge of the 100th Judicial District Court of Donley County to file either an information and petition in the nature of a quo warranto or their amended petition. Likewise, on March 22, 1955, plaintiff and relators filed their supplemental petition.

On April 7, 1955, the cause went to trial before the court without a jury and without the appearance of R. Y. King, County Attorney of Donley County, at any time during the trial. After the hearing, the trial court took the whole cause under advisement until July 7, 1955, when it rendered judgment sustaining respondents' plea in abatement holding that the trial court did not have jurisdiction to do more than dismiss the cause and tax the costs and it was so ordered and adjudged, to which action plaintiff and relators excepted and gave notice of appeal. However, on the same day of July 7, 1955, relators and plaintiff filed their motion for a rehearing and offered testimony in support thereof, as a result of which the said motion was on the same day of July 7, 1955, overruled by order and judgment of the trial court, from which action relators and plaintiff perfected an appeal.

█ Some questions have been presented and some charges made that we do not consider material on this appeal. According to the record before us, no findings of fact or conclusions of law were filed or requested, in which event it is the duty of this court to sustain the trial court's judgment if such can be done upon any reasonable theory supported by the evidence and authorized by law. Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706 (writ refused); Strickland v. Humble Oil & Refining Co., Tex.Civ.App., 181 S.W.2d 901; Humphrey v. Southport Petroleum Co., Tex.Civ.App., 131 S.W.2d 395.

█ It is conceded that an amended pleading takes the place of the pleading it supersedes and that in the absence of a withdrawal an answer or pleading already on file directed to the earlier pleading filed will automatically be directed to or serve as an answer to the amended pleading later filed. In our opinion, a district court has not abused its discretion, particularly in a non-jury case, when it elects to hear a plea in abatement along with the case on its merits. 1 Tex.Jur. 176–178, Sec. 127; Producers' Oil Co. v. Daniels, Tex.Civ.App.,

249 S.W. 308, reversed on other grounds, Tex.Com.App., 259 S.W. 936. When school boards are charged with acting without lawful authority and contrary to statutes in such a manner as to make such acts void, the courts may be appealed to directly without first exhausting the remedy of appeal through the school authorities. McLeod Independent School Dist. v. Kildare Independent School Dist., Tex.Civ.App., 157 S.W.2d 181 and other authorities there cited; State Line Consol. School Dist. No. 6 of Parmer County v. Farwell Independent School Dist., Tex.Com.App., 48 S.W.2d 616; Chastain v. Mauldin, Tex.Civ.App., 32 S.W.2d 235.

Relators and respondents cite and rely upon the provisions of Article 6253, Vernon's Annotated Civil Statutes, for authority and procedure in a quo warranto proceeding. An applicant is there required to present a petition to the district court of the proper county "for leave to file an information in the nature of a quo warranto in the name of the State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue." It is conceded that the State of Texas must be made a party to a quo warranto suit and that the suit is under the control of the state's attorney. An issue has been here drawn on the question of whether or not relators and the County Attorney of Donley County, who was made a new party to the suit in lieu of the County Attorney of Armstrong County after venue was sustained and the case was transferred to Donley County, should have sought and obtained leave from the district judge of the 100th Judicial District Court of Donley County to file an information in the nature of a quo warranto proceeding then pending in the Donley District Court after the case had been transferred to Donley County. The law itself gives the district judge some discretion as to whether or not there is probable ground for such a proceeding. It has been held that "the conduct and continued prosecution of the case remains under the exclusive control of the state's attorney and the court." Town of De Kalb v. State ex rel. King, Tex.Civ.App., 71 S.W.2d 299, 301, citing Staples v. State ex rel. King, 112 Tex. 61, at page 72, 245 S.W. 639, at page 643. Under the record here presented there is no showing that the trial court or judge had at any time by acts or otherwise expressed satisfaction that there existed probable cause for the proceeding. However, under the authorities cited and the record here presented, the trial court or judge, particularly in the absence of the state's attorney, must have remained in exclusive control of the case during its procedure. We see no reason why the trial court could not have exercised its discretionary powers at any time it saw fit, particularly concerning any matters it had not already considered and passed on. It is our opinion in any event that it would have been a better practice if the County Attorney of Donley County and relators had sought and obtained leave of the Donley County District Court to file an information and petition in Donley County, notwithstanding the fact that such had been previously obtained from the District Court of Armstrong County.

While the trial court's judgment does not reveal the reason it felt it had no jurisdiction over the alleged merits of the case, it implied at least that one reason was a failure to properly make the State of Texas a participating party to the suit in compliance with the requirements of the law as construed by the trial court. It likewise sustained respondents' plea in abatement which in effect challenged the sufficiency of the pleadings of relators and the State of Texas on the grounds that the State of Texas had not been made a party in compliance with the requirements of the law. Such has been made a controverted issue and in our opinion such is one of the controlling issues presented as is shown by the record in the hearing on a motion for rehearing held the very day the cause of action was dismissed. It is admitted that R. Y. King, County Attorney of Donley County, signed the amended pleadings and supplemental petition along with relators. Mr. King, County Attorney, testified in

effect at the hearing on the motion that he signed the pleadings merely so relators could have their day in court; that such was the only reason he signed the pleadings and that other than that he had no interest whatever in the case and did not care which side won; that he had done no work on the case and he was in the State of New Mexico on the day of the trial and did not attend the trial or participate in the trial in any way. According to the record, the county attorney made no announcement at the trial and did not enter into any of the many agreed stipulations made by the other parties. A quo warranto proceeding is one in which the state is the real party plaintiff and the suit is filed for the primary purpose of protecting the interest of the public and not to enforce private rights. 34 Tex.Jur. 856–857, Sec. 12; Staples v. State ex rel. King, 112 Tex. 61, 245 S.W. 639. It appears from the testimony of Mr. King, County Attorney, that he joined in the suit as an accommodation to relators in enforcing their private rights and not for the primary purpose of protecting the interest of the public. We are not censuring Mr. King for we believe he gave honest testimony regardless of its effect. However, in our opinion the trial court was justified in sustaining respondents' plea in abatement and dismissing the alleged cause of action for the reason that the State of Texas was not represented as contemplated by the provisions of the law. State ex rel. Steele v. Heath, Tex.Civ.App., 44 S.W.2d 398, writ, refused. In that case the District Attorney joined in signing the pleadings with relators and the District Judge ordered it filed and that citation issue. But at the hearing the State of Texas was not represented and did not participate in the trial, just as was the situation in the case at bar. As a result, the trial court sustained a general demurrer to relators' petition and dismissed the case. Relators alone sought to appeal and the appellate court dismissed the appeal for want of jurisdiction. The record as presented had the approval of the Supreme Court by reason of refusing a writ of error. In our opinion, the facts there stated and the final result are comparable to the facts here presented and the course taken by the trial court. We believe the trial court gave effect to the provisions of Article 6253 just as was intended when it was enacted and just as its meaning has since been generally construed by the courts.

Relators cite and rely upon the recent case of McFarlin v. State ex rel. Barnard, Tex.Civ.App., 272 S.W.2d 630. That case is distinguishable from the case at bar in that the trial court there approved a procedure in which the District Attorney helped to institute the suit but the County Attorney appeared for the State at the trial, while in the case at bar nobody appeared for the State at the trial, and it appears that the County Attorney joined in the suit here only as an accommodation to relators.

After a careful examination of the record and the briefs, the points of error presented by relators and the County Attorney of Donley County are all overruled and the judgment of the trial court is affirmed.